(No. 41144.—

*In re* HAROLD C. NESSELSON, Attorney, Respondent.

*Opinion filed November 26, 1969.*

JOHN CADWALDER MENK, of Chicago, *amicus curiae*.

GERALD M. WERKSMAN, of Chicago, for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this disciplinary proceeding the Committee on Grievances of the Chicago Bar Association, sitting as commissioners of the Supreme Court, recommended that the respondent, Harold C. Nesselson, be disbarred. The Board of Managers of the Chicago Bar Association approved that recommendation. The respondent does not challenge the findings of the commissioners as to his misconduct, but contends that the recommended discipline is too severe.

On September 23, 1966, an opinion of this court approved the earlier recommendation of the Grievance Committee and Board of Managers of the Chicago Bar Association that this respondent be suspended from the practice of law for a period of three years. (*In re Nesselson,* 35 Ill.2d 454.) That opinion stated: "By the time he had practiced law three years, he had four full-time lawyers, four full-time secretaries, and one law clerk working for him. In 1962 his gross income from his practice was approximately $96,000 and after paying his employees and expenses, he reported a personal income of between $30,000 and $35,000. In 1962 he developed several form letters to solicit personal injury work. He stated that he could not identify the persons who furnished him with leads because all informants, particularly the police officers, wished to conceal their identities. Each letter contained language stating that the letter was written as a result of or in acknowledgment of or in response to a previous contact with the respondent's office by the addressee or a friend of the addressee. Respondent admitted that in no instance had the addressee contacted him or his office prior to the sending of the letter. He sent out an average of three to four letters per week." 35 Ill.2d at 457.

The decision of the Board of Managers in that case was rendered on January 20, 1966. The present proceeding is based upon two instances of exactly the same kind of solicitation which took place, respectively, in April and September of 1966. The only contention that the respondent

advances in this case is based upon the fact that the division of the Committee on Grievances of the Chicago Bar Association which heard the evidence against him recommended that he be suspended "for a period of five years, such suspension to commence upon the expiration of the period of suspension imposed on the Respondent by the Supreme Court in the case reported at 35 Ill.2d 454." The full Committee on Grievances and the Board of Managers rejected this recommendation, and recommended that the respondent be disbarred.

The respondent's plea for leniency is based upon the proposition that because the imposition of the earlier three-year suspension had not become final when the conduct here involved took place, sufficient time had not elapsed for the impact of the earlier proceedings to have an effect upon the respondent's conduct. We cannot accept this contention. The recommendation of suspension entered upon January 20, 1966, antedated by several months the conduct involved in this case. Ample time had elapsed for those proceedings to have brought about a change in the respondent's conduct, if they were ever going to have any effect upon him. His insensitivity leaves no alternative to disbarment.

The recommendation of the commissioners is approved and the respondent is disbarred.

*Respondent disbarred.*