(No. 42413.—

*In re* Richard E. Gorman, Attorney, Respondent.

*Opinion filed June 29, 1970.—Rehearing denied October 6, 1970.*

Ward, J., took no part.

John Cadwalader Menk, of Chicago, *amicus curiae.*

ANNA R. LAVIN and EDWARD J. CALIHAN, JR., both of Chicago, for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Committee on Grievances of The Chicago Bar Association recommended that the respondent, Richard E. Gorman, an attorney, be suspended from the practice of law for one year. The Board of Managers of The Chicago Bar Association approved the report and findings of the Committee, but amended its recommendation as to discipline to provide that the respondent be suspended for one year, and until the further order of the Supreme Court. Exceptions to this amended recommendation have been filed.

The respondent was admitted to the bar of Illinois in 1940. In 1966, a jury in the United States District Court for the Northern District of Illinois found him guilty of failure to file Federal income tax returns for the years 1959, 1960, 1961, 1962, and 1963, and he was sentenced to three years in the custody of the United States Attorney General. The Court of Appeals for the Seventh Circuit affirmed this judgment. 393 F.2d 209.

After the Committee on Grievances had made its findings and its recommendation as to discipline, the respondent indicated through his attorneys that no objection would be made to the recommended discipline. His attorneys now contend that the action of the Board of Managers in recommending increased discipline "without notice and without opportunity to be heard is violative of due process." We find this contention to be without merit. Paragraph 5 of the order of the Committee on Grievances reads as follows:

"5. All parties take notice that the Board of Managers of The Chicago Bar Association sitting as Commissioners of the Supreme Court of Illinois is not bound to grant Oral Argument nor is it bound to accept the Report, the Findings or the Recommendation of the

Committee on Grievances but may, on the basis of the entire record, including matters brought out on Oral Argument, should such be requested and granted, alter the Report, the Findings and the Recommendation and recommend a greater or lesser degree of discipline."

The respondent thus had adequate notice of the possibility that the Board of Managers might increase the discipline recommended by the Committee. He made no request for a hearing before the Board.

Moreover, the defendant's contention overlooks the function that is performed by the Committee on Grievances and the Board of Managers of The Chicago Bar Association in disciplinary proceedings. Both the Committee and the Board function as Commissioners of this court, pursuant to Supreme Court Rule 751. (43 Ill.2d R. 751.) The duty of the Commissioners is to make findings and recommendations. The ultimate determination as to the discipline to be imposed rests with this court. See *In re Bloom* (1968), 39 Ill.2d 250; *In re Nesselson* (1969), 43 Ill.2d 262.

The respondent did not challenge as inappropriate the discipline recommended by the Committee on Grievances— suspension for one year. His attorneys, however, now attack the recommendation of the Board of Managers—suspension for one year and until the further order of the court—on the ground that it is excessive.

The brief filed in behalf of respondent emphasized the following circumstances: In the summer of 1959, the respondent learned that a former client was charging that the respondent had participated in the subornation of a juror in a criminal case in the United States District Court. Despite his offers to co-operate with the United States Attorney, the respondent was indicted and charged with subornation of a juror. He was tried upon that indictment and acquitted in December of 1962. His attorneys state: "The impact of the indictment was tremendous. Pride was lost, business deteriorated, despondency, arrearages in rents and other obli-

gations, excessive drinking, all occurred." The respondent sought psychiatric help.

It seems obvious to us that the Board of Managers' recommendation that the respondent's suspension continue until further order of the court was based not upon a desire to inflict additional punishment, but was designed rather to insure that the respondent is psychologically qualified to resume the practice of law. Upon this ground the recommendation of the Board of Managers is approved.

*Respondent suspended.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.