50    449
162    197
50    449
181    104

# WILLIAM WINKELMAN

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. APPEAL—*when it lies.* An appeal will lie from an order of the circuit court, suspending an attorney at law from practice therein.

2. ATTORNEY AT LAW—*striking from the roll.* The circuit courts have no power to strike the name of an attorney at law from the roll; that power rests with the Supreme Court alone.

3. SAME—*suspension from practice.* Nor have the circuit courts the power, permanently, to suspend an attorney at law from practice, as that may be equivalent to striking from the roll, in its effect and consequences.

4. It may be, a circuit court would be justified, in suspending an attorney from practice until the term of the Supreme Court next to be holden, in order that proceedings might be there instituted to strike his name from the roll; but further than that the circuit court could not go, in that direction.

5. Should no movement be made in the Supreme Court at its next term to have his name stricken from the roll, the circuit court, being advised thereof, would rescind the order of suspension.

6. RULE TO SHOW CAUSE—*and the order thereunder.* An order making a rule to show cause, absolute, should be no broader than the rule itself.

29—50TH ILL.

7. So, under a rule against an attorney to show cause why he should not be suspended from practice, at the bar of the St. Clair Circuit Court, the court could not enter an order, suspending him from practice in other courts in the same judicial circuit.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. WINGATE, SNYDER & NILES, for the appellant.

Mr. W. BUSHNELL, Attorney General, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This record shows this case: At the March term, 1868, of the St. Clair Circuit Court, the presiding judge of that court, on information by a member of the bar, entered a rule against the appellant to show cause why he should not be suspended from practice as an attorney of that court. The charge was, that after a bill in chancery had been filed in that court for an injunction, and the injunction allowed by the master in chancery, appellant had, without authority, interlined and altered the same in a material part, so as to make the injunction reach other parties.

Appellant, in his answer to the rule, did not deny the charge, but denied any fraudulent intent, and any design to damage or injure any person, and sets out in full, the circumstances under which the act was done.

The court, after hearing the appellant, made the rule absolute, and made the suspension co-extensive with his judicial circuit, which includes, besides St. Clair, two other counties.

To reverse this order, appellant has brought the record to this court by appeal.

The first question made on the record is, does an appeal lie in such case? This question must be answered in the affirmative. In the case of *Stuart* v. *The People*, 3 Scam. 395,

where a fine for a contempt, had been imposed by the circuit court upon the plaintiff in error, this court held that a writ of error to this court would lie therefrom, and reversed the judgment.

By the act of February 16, 1865, it is provided that appeals shall be allowed to the supreme court from all decrees, judgments and orders of inferior courts from which writs of error may be lawfully prosecuted. Now, as a writ of error can be prosecuted from an order of the circuit court imposing a fine for a contempt, it follows that an appeal can also be prosecuted from an order of like character, which this is. The remaining and principal question is, as to the power of the circuit court to enter the order of which complaint is made.

The rule entered by the court against the appellant was to show cause why he should not be suspended from practice at the bar of the St. Clair Circuit court. The final order, suspends appellant from practice in all the courts in the twenty-fourth judicial circuit, and may be perpetual. The final order does not follow the rule entered in the cause, and for that reason, if no other, was erroneous. But we have considered what power the court possessed to act in the premises, and we decide the case upon that point.

The subject of attorneys and counselors at law has been considered by the legislature, and no power over them for mal-conduct, and such was the import of the charge against appellant, has been confided to the circuit courts. No power has been given them to strike an attorney from the rolls for any cause; in the supreme court alone is that power reposed. Suspension from practice may be equivalent to striking from the rolls in its effect and consequences, as where an attorney has an established and profitable practice in the circuit of his choice, depriving him of it, by suspension, is no less than striking his name from the rolls. Various considerations may forbid him from attempting to practice in another circuit, and years might elapse before he could be able to obtain practice in one to which he was a stranger.

The legislature has conferred this power expressly upon this court. By the fourth section of the act respecting attorneys and counselors at law, it is provided, among other things, that the Justices of the Supreme Court, in open court, shall have power, at their discretion, to strike the name of any attorney or counselor at law from the roll, for mal-conduct in office. Gross' Comp. 41. And there is a propriety in this, as the appointment of attorneys and counselors is made by that court, and the power of removal, appropriately rests with the power to appoint. In some States, they are appointed by the circuit courts, and, of course, removable by them, for proper cause. We know of no power inherent in the circuit courts, to suspend from practice an attorney duly licensed by this court; at least none, so to suspend him, as, virtually, to strike him from the roll.

But it may be asked, has a circuit court no power over an attorney who shall be guilty of mal-conduct, such as charged against the appellant? The answer is, such court possesses ample power in the premises. Altering the pleas of a court is not only an offense of a grave character, but being done without the authority of the court in which the files are, is a contempt of that court, its usages and customs, and is punishable by fine and imprisonment. On the possession of this power can those courts safely repose, and in its exercise protect itself from such abuses as appellant is alleged to have committed. We think the court exceeded its power in the order of suspension.

It may be, the court would be justified in suspending an attorney from practice, until the term of the supreme court next to be holden, in order that proceedings might be there instituted to strike his name from the roll, but further than that, we are not of opinion the court could go in that direction.

Should parties interested, or the State's attorney, make no movement in the supreme court at its next term, to have the name stricken from the roll, the circuit court, on being advised

thereof, would rescind the order of suspension. As the case stands, the suspension being equivalent to striking from the roll, we are satisfied, the circuit court exceeded its power, and we must reverse the order.

*Order reversed.*