BUTLER *v.* THE PEOPLE.

CONTEMPT OF COURT — *abuse of process.* To sue out an attachment for a witness in a civil cause who has not been regularly served with subpœna, is a contempt of court in the attorney applying therefor.

WRIT OF ERROR — *in case of contempt.* Whether a writ of error lies to a judgment for contempt, the court was not agreed, but as no error was found in the record, the writ was dismissed.

*Error to District Court, Gilpin County.*

THE record showed that on the 9th day of August, 1867, in the district court of Gilpin county, the civil cause, *Snyder* v. *Grimes*, was called for trial. Thereupon, Mr. Butler, an attorney of the court and of the plaintiff, Snyder, suggested to the court that a subpœna had been issued for Martin Johnson et al., which had been served, and moved the court for a writ of attachment against said witnesses as for a contempt of court in not obeying the said subpœna, which writ was accordingly issued.

The other material portions of the record are set forth in the opinion of Mr. Justice BELFORD.

The chief-justice did not participate in the decision.

Mr. HUGH BUTLER, plaintiff in error, in person.

Mr. E. WAKELY, *contra.*

BELFORD, J.   The plaintiff in error was fined in the court below for an alleged contempt in causing a writ of attachment to be sued out for an absent witness.   It appears that the witness was subpœnaed to be in attendance on the 9th day of August.   On that day the cause coming on to be heard, and the witness not appearing, the record recites that Mr. Butler moved for an attachment for the body of said witness, which was accordingly issued.   The record further recites that "afterward and upon the same day it appears to the court that the said writ of attachment was improperly issued, for that the subpœna aforesaid is made returnable upon the 9th day of August, and it further appearing to the court that the said subpœna, and the time at which the same is made returnable, was filled in and written by the said Butler, it is considered and adjudged by the court that the said Butler, in causing the said writ of attachment to be issued improperly and wrongfully as aforesaid, is guilty of a contempt of this court, and it is ordered and adjudged by the court that the said Butler pay to the clerk of this court a fine of $2.50, and until he purge himself of such contempt by paying such fine, he shall not be permitted to appear in this court as an attorney," etc.

The attachment was evidently sued out on the theory that it was the duty of the witness to be in attendance on court at the opening of the same on the morning of the 9th.   The offense is rather technical than intentional or real.   To sue out process when one is not entitled to it has been held by able courts to be a contempt.   Every counsel, in asking for an attachment, pledges his personal and professional honor to the court that the papers which are on file are sufficient to entitle him to the order.   *Brown* v. *Keller,* 40 Ill. 81.

We are of the opinion that the witness had all of the day to which the subpœna was made returnable to appear, and that no attachment could properly issue.   No hour was fixed in the subpœna.   The witness was simply required to be at

court on that day. The chief question for our determination
is, will a writ of error lie in a case of contempt in the face
of a court of justice? In Illinois the question has been
resolved in the affirmative. *Winkelman* v. *The People*, 50
Ill. 449. A different answer has been given by a higher
court, and one which I am obliged to accept. *In Ex parte
Bradley*, 7 Wall. 376, Mr. Justice NELSON says: "The
order disbarring attorneys or subjecting them to fine or
imprisonment is not reviewable by writ of error, it not being
a judgment in the sense of the law for which this writ will
lie."

The doctrine announced in this case is reaffirmed in *Ex
parte Robinson*, Chicago Legal News, Jan. 24, 1874. See
also *Ex parte Martin*, 5 Yerger, 457.

It may be asked is an attorney, when disbarred or im-
prisoned, without remedy? If an individual was unlaw-
fully imprisoned by any court of justice, relief could be
afforded by the constitutional writ of *habeas corpus*, but
against a sentence imposing a fine, I know of no relief. If
disbarred, the writ of mandamus may be invoked. In the
view I take, this writ of error must be dismissed.

WELLS, J. If the writ of error lies here, the judgment
must be affirmed. The witness whom Mr. Butler caused to
be attached in the district court was clearly entitled to the
whole of the day named in the subpœna in which to make
his appearance; to take out an attachment against him in
the meantime was to occasion an abuse of the process of the
court, which, though inadvertently done, was a contempt;
for such slips and omissions of counsel tend to bring dis-
grace upon the courts themselves, as not taking due care to
prevent them. Bac. Abr., Attachment, A; Com. Dig., At-
torney, B; 13 Hawkins' P. C., b. 2, c. 22, s. 2.

As to so much of the sentence as suspended Mr. Butler
from practice until payment of a fine imposed, I do not
appreciate what was said in argument against the existence
of the power thereby assumed. If the courts may not in
such cases as this record presents suspend the attorney, they

are equally powerless where the contempt is of such an aggravated and scandalous character as to render it unseemly that the offender should be received within the bar. And if the inferior courts may not directly exercise the power of suspension, they may not reach the same end indirectly. And this will take away the power of imprisonment; for to imprison the attorney is practically to suspend him during the period of the detention, and this will give to those of the profession and, as I should think, all those who exercise any office whatever, a practical immunity to contemn the inferior courts. As to *Winkleman's case* (50 Ill. 450) which is relied upon by the plaintiff in error, it is to be observed that the order complained of here goes no further than to suspend Mr. Butler from practice until he should. pay the trifling fine imposed; whereas in the case referred to, the suspension was perpetual. In that case, too, the order extended itself to all the courts of the circuit, in which respect, inasmuch as the attorney was not admitted in that court, the order was too extensive. *Stephens* v. *Hill*, 10 M. & W. 33. Here the suspension was only in the particular court wherein the contempt was committed, and for the exercise of the power in this extent the case last cited is authority, and *Winkleman's case* does not, as I think, conflict with it.

I am not prepared to concede that we may not, upon writ of error, review the sentences of the inferior courts in proceedings for contempts; nevertheless, as we are agreed that no error intervened, and the result, so far as the plaintiff is concerned, is the same, I unite with Mr. Justice BELFORD in the order to discontinue the writ of error.

*Writ dismissed.*