194　　　　　MOUTRAY *v.* THE PEOPLE.　　　. . [162 Ill.

J. I. MOUTRAY *et al.*

*v.*

THE PEOPLE *ex rel.* H. G. Morris, State's Attorney.

*Filed at Mt. Vernon June 12, 1896.*

1. ATTORNEYS AT LAW—*proceedings to disbar are summary.* It is the manifest intent of the statute (Rev. Stat. 1874, chap. 13, sec. 6,) that proceedings to suspend attorneys from practice should be summary, and any appropriate procedure may be adopted, provided the charges are stated with sufficient particularity, and reasonable notice and opportunity to defend be given.

2. SAME—*courts have summary jurisdiction over attorneys.* Courts have an inherent and summary power, in the absence of statute, to strike attorneys from the rolls or suspend them from practice for professional misconduct.

3. SAME—*usual mode of proceeding against attorney for misconduct.* The usual practice is, upon the filing of specific charges properly verified by affidavit, for the court to issue a rule requiring the attorney to show cause why he should not be stricken from the roll or suspended.

4. SAME—*proceeding to suspend an attorney is not a "prosecution."* The provision of the constitution that all *prosecutions* shall be carried on in the name and by the authority of the People, and conclude against the peace and dignity of the same, has no application to a proceeding to disbar an attorney. (*Hay* v. *People,* 59 Ill. 94, distinguished.)

5. SAME—*order of suspension cannot be broader than the rule.* Under a rule requiring an attorney to show cause why he should not be suspended from practice in the circuit court of a certain named county, an order cannot be entered suspending him from practice in a judicial circuit comprising other counties and courts.

6. SAME—*statute as to suspension of attorneys construed.* The statute authorizing suspension of attorneys from practice (Rev. Stat. chap. 13, sec. 6,) is penal, and the strict construction which that fact imposes limits the power of suspension to the particular court in which the judge is presiding at the time he makes the order.

APPEAL from the Circuit Court of Richland county; the Hon. S. Z. LANDES, Judge, presiding.

R. P. HANNA, and J. C. ALLEN, for appellants.

H. G. MORRIS, State's Attorney, JOHN LYNCH, Jr., R. B. WITCHER, and T. W. HUTCHINSON, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a proceeding in the nature of an information, instituted in the circuit court of Richland county by the State's attorney of said county, upon the relation of a number of the attorneys at law practicing at the bar of said court, against Jasper I. Moutray and Mark O. Moutray, also practicing attorneys, charging them with changing and altering a certain bill of exceptions after the same had been signed by the presiding judge and filed in said court. The information was entitled as of said Richland circuit court, and in its introductory part it named said Jasper I. Moutray and said Mark O. Moutray as respondents, and asked "that they each be suspended from the practice of law in this court." It then made a specific statement of the facts relied on "for the suspension of said Jasper I. Moutray and Mark O. Moutray from the practice of law in this court," and concluded as follows: "By means whereof your relator represents unto you that a fraud and a forgery has been practiced upon the clerk of this court by the said firm of Moutray & Moutray, attorneys at law, being the said Jasper I. Moutray and Mark O. Moutray, and they and each of them have thereby been guilty of malconduct in their office as such attorneys and should be suspended from the practice of law in this court, and your relator asks upon the consideration of this information your honor will suspend the said Jasper I. Moutray and Mark O. Moutray from the practice of law in this court, and render such judgment in the premises, in addition thereto, as the gravity of the case may require and to this honorable court shall seem meet." A motion was made by the respondents to quash the information, for the reason it did not state it was prosecuted in the name and by the authority of the People of the State of Illinois, and did not charge that the malconduct charged was against the peace and dignity of the People of the State of Illinois.

The motion was overruled, and an exception taken. Thereafter a plea or answer was filed in response to a rule, and the cause was tried before the court upon the issues formed. The judgment and order of the court were that the defendants "be and they are hereby suspended, as attorneys and counselors at law, from the practice of their profession in this the second judicial circuit of the State of Illinois, from and after the 30th day of November, 1895, to the 16th day of June, 1897," and that they pay costs. The record was then brought to this court by appeal and various assignments of error made.

We think there was no error in overruling the motion to quash. The statute (chap. 13, sec. 6,) provides that the justices of this court shall have power, at their discretion, to strike the name of any attorney or counselor at law from the roll for malconduct in his office, and that any judge of a circuit court or of the Superior Court of Cook county shall, for like cause, have power to suspend any attorney or counselor at law from practice in the court over which he presides, during such time as he may deem proper, subject to the right to have such order set aside by this court, upon appeal. The statute does not prescribe the mode in which either of these powers shall be enforced. Rule 50 of this court provides, that in case an application shall be made to strike the name of an attorney from the rolls, there shall be filed an information, signed by the Attorney General or some State's attorney, and when the information shall be deemed sufficient the court will enter a rule to show cause. It does not appear that any similar or other rule of court, having reference to a proceeding for the suspension of an attorney from practice, is in force in either the Richland circuit court or in the second judicial circuit. It is the manifest intent of the statute that the proceeding to suspend from practice shall be summary, and it would seem any appropriate procedure may be adopted, provided the charges are stated with sufficient particularity,

and reasonable notice is given and opportunity afforded the respondent to produce his testimony and make his defense. Even in the absence of a statute the courts have an inherent and summary jurisdiction over the attorneys practicing at their bars, and may strike them from the rolls or suspend them from practice for professional misconduct. (1 Am. & Eng. Ency. of Law, p. 944, and authorities there cited.) And the usual English and American practice is, that upon the filing of specific charges, properly verified by affidavit, the court will issue a rule upon the attorney requiring him to show cause why he should not be stricken from the roll or suspended from practice, as the case may be. (Weeks on Attorneys, sec. 83.) In *Winkelman* v. *People*, 50 Ill. 449, the circuit court, on information by a member of the bar, entered a rule against the appellant to show cause why he should not be suspended from practice as an attorney of that court. In *People* v. *Harvey*, 41 Ill. 277, the proceeding was commenced by filing an affidavit, and on the affidavit a rule was entered requiring the defendant to show cause. In *People* v. *Ford*, 54 Ill. 520, the rule to show cause was based upon an affidavit in the nature of an information, and such was also the case in *People* v. *Lamborn*, 1 Scam. 123. In *People ex rel.* v. *Allison*, 68 Ill. 151, *People ex rel.* v. *Beattie*, 137 id. 553, and numerous other cases in this court, the proceeding was by information.

The provision in section 33 of article 6 of the constitution, that all prosecutions shall be carried on *in the name and by the authority of the People of the State of Illinois*, and conclude *against the peace and dignity of the same*, has no application to a summary proceeding, either under the statute or at common law, to strike an attorney from the roll or suspend him from practice. The word "prosecutions," within the meaning of this section of the constitution, embraces prosecutions of a criminal character, only. *Donnelly* v. *People*, 11 Ill. 552.

The case of *Hay* v. *People*, 59 Ill. 94, relied on by appellants, is not here in point. That was an information in the nature of a *quo warranto*, and such a proceeding is a substitute for the ancient writ of *quo warranto*, but is none the less a mode of criminal prosecution, as well to punish the usurper for the usurpation of the franchise as to oust him from its enjoyment. *Donnelly* v. *People, supra;* Rev. Stat. chap. 112, sec. 6.

It is assigned as error that the court below suspended appellants from practicing law in all the counties of the second judicial circuit. We think this assignment of error is well made. The court will take judicial notice that the second judicial circuit is composed of fourteen counties. Under the information and the rule entered against them, appellants were only required to show cause why they should not be suspended from the practice of the law in the circuit court of Richland county. In *Winkelman* v. *People*, 50 Ill. 449, it was held that under a rule against an attorney to show cause why he should not be suspended from practice at the bar of the St. Clair circuit court, the court could not enter an order suspending him from practice in other courts in the same judicial circuit. There is nothing in the provision for suspension that was added in 1874 to the section of the statute that is now designated as section 6 of chapter 13 of the Revised Statutes that in any way abrogates or is inconsistent with the decision so made. Besides this, the statute authorizing the circuit court to suspend an attorney from practice during such time as the court may deem proper is penal in its nature, and the doctrine is, that such statutes are to be strictly construed, and not extended by implication to things not expressly within their terms. The circuit court of Richland county is a separate and distinct court from the circuit court of each and every of the other thirteen counties that are in the second judicial circuit. The language of the statute is, any judge of a circuit court shall have power to suspend any attorney

or counselor at law from practice *in the court over which
he presides.* It would seem that the fair and reasonable
intent of the statute, as indicated by its words, is, that
the power to suspend from practice is limited to the par-
ticular court in which the judge is presiding at the time
that he makes the order,—in other words, the judge who
presides over the circuit court of Richland county has
power to suspend an attorney or counselor at law from
practicing in the circuit court of Richland county, but
the power delegated or limited by the statute does not
extend to courts other than the Richland circuit court
that are established by law in that or other counties of
the circuit.

The language of the order that was made in the case
at bar is very broad. It suspends appellants, as attor-
neys and counselors at law, from the practice of their
profession in all of the fourteen counties that compose
the second judicial circuit. This would preclude them
from practicing as attorneys, not only in the Richland
circuit court, but also in the circuit courts of each and
every of the other thirteen counties of the judicial cir-
cuit,—and this without regard to the fact that under the
provisions of section 3 of the act of June 2, 1877, (Laws
of 1877, p. 73,) the other two judges of the judicial circuit
are allotted or assigned to hold some of said courts. And
not only this, but it would seem that the order and judg-
ment would necessarily inhibit appellants from practic-
ing in any of the county courts or other courts of record
in either or any of the fourteen counties of the circuit,
and even preclude them from the practice of their profes-
sion in any other way throughout the territorial limits of
the judicial circuit. In our opinion, the power given a
judge of a circuit court to suspend an attorney from prac-
tice in the court over which he presides cannot properly
be given so broad a scope.

It is further urged that the evidence does not sustain
the judgment and order of the court suspending appel-

lants from practicing law. There is pending in this court an original proceeding to strike the names of appellants from the roll of attorneys for malconduct in office. Said case has already been submitted for decision. It involves the same transactions that were under consideration in the proceeding at bar. An expression of opinion in respect to the weight and effect of the testimony is wholly unnecessary in disposing of the present appeal. We therefore refrain from passing upon the assignment of error made in that regard.

For the error indicated herein the order and judgment of the circuit court are reversed and the cause remanded. The costs of this appeal will be taxed against the relators.

*Reversed and remanded.*