(No. 41144.—

*In re* HAROLD C. NESSELSON, Attorney, Petitioner.

*Opinion filed May 24, 1979.*

Paul E. Thompson, of Thompson & Thompson, of Long Grove, for petitioner.

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

MR. JUSTICE WARD delivered the opinion of the court:

The petitioner, who is 56 years old and was admitted to the bar of this State in 1955, was suspended from the practice of law in 1966 for 3 years for the solicitation of personal injury cases and for payments made to informants. (35 Ill. 2d 454.) In November 1969, he was disbarred by this court. (43 Ill. 2d 262.) The disbarment resulted from his solicitation of personal injury cases, the solicitation having occurred while the first disciplinary proceeding was pending before this court. In July 1973 he petitioned for reinstatement and the Hearing Board of the Attorney Registration and Disciplinary Commission recommended that the petition be denied, which recommendation was affirmed by the Review Board of the Commission. This court in November 1974 approved the report of the Review Board and denied the petition for reinstatement. In February 1977 he filed a second petition for reinstatement, and in March 1978 the Hearing Board recommended his reinstatement. The Review Board, however, reversed the findings of the Hearing Board and recommended to us that the petition should be denied.

The petitioner and 12 witnesses in his behalf testified before the Hearing Board. The transcript shows that seven witnesses, including businessmen and an attorney, who had known the petitioner prior to his disciplinary difficulties, testified as to his competence in legal and business affairs and to his integrity and favorable reputation in the community. Five other witnesses, including a judge in the

circuit court of Cook County, an attorney and two physicians, testified that they became acquainted with the petitioner after he had been barred from the practice of law and that they had formed a high regard for his integrity and business judgment, especially with regard to the business of trading in gold coins. (The petitioner had been active in the coin market in the early part of this decade and had apparently been quite successful in it.) The petitioner has undergone surgery twice because of malignancies, which apparently resulted in legal blindness in one eye. He now has an inoperable malignancy, which is being treated by irradiation. The petitioner testified that if readmitted to the bar he would seek to practice in the field of probate law. He testified that his role in practice most likely would be a sedentary one. The Hearing Board concluded that the petitioner had demonstrated consciousness of the professionally wrongful character of the conduct for which he had been disciplined and that he had shown remorse for the misconduct and for the disrepute it had brought on the profession. The Hearing Board noted that he had had ample time to reflect on the matter in the 12-year period of his suspension and disbarment. The Hearing Board concluded that reinstatement was appropriate, though it did state the question was a close one.

The Review Board, in rejecting the findings and recommendations of the Hearing Board, took the view that the petitioner had failed to show that he was rehabilitated and fit to return to the practice of law. It stated, too, that the petitioner had submitted materials concerning his financial status and activities that were, at best, inconsistent and incomplete. It judged that he had not shown a recognition of his professional misconduct and contrition for it.

This court has the exclusive authority to regulate the practice of law in this State. (*In re Day* (1899), 181 Ill. 73.) It has the power to impose sanctions for unpro-

fessional conduct so as to protect the public interest and guard the legal profession against reproach. It has, too, the authority to reinstate those who have been barred from the practice of law. An attorney who petitions for reinstatement has the burden of showing that he had been rehabilitated and that he is a fit person to resume practice. (*In re Starr* (1976), 64 Ill. 2d 407, 415; 65 Ill. 2d R. 767; see generally Annot., 70 A.L.R.2d 268 (1960).) We consider that the Hearing Board did not err in concluding that the petitioner had met this burden and that recommendation for reinstatement was appropriate.

The record shows that before the Hearing Board the petitioner did express recognition that the conduct for which he was disciplined had been improper. He stated several times that he was sorry for his conduct. We cannot adopt the Review Board's view that the petitioner did not acknowledge that his conduct had been improper. At one point, to illustrate, the petitioner said: "I am sorry for what I did. I did wrong. I come to you with a spirit of regret, contrite, apologetic. *** I brought the reputation of the law down. I did it with a selfish motive. I'm sorry. *** I would not do it again." At another point: "I've done wrong and I know it. I have admitted it and I'll not make the same mistake twice."

The Review Board considered there were inconsistencies in the petitioner's response to requests for financial records and other data by the Administrator. The Hearing Board, however, while it did find that there were some questions arising from the evidence as to the petitioner's financial matters, apparently found the petitioner's explanations satisfactory. The Administrator had argued before the Hearing Board that the petitioner had not complied with Commission Rule 11.1(17), which requires a petition for reinstatement to contain "[a] full statement of the facts upon which the petitioner relies to show that he is fit to resume the practice of law and that his resumption of

the practice would not be adverse to the public interest." (Ill. Rev. Stat. 1975, ch. 110A, following par. 770.) The Hearing Board rejected the Administrator's contention and concluded, too, that the Administrator's other objections were insubstantial.

The Hearing Board heard the testimony and concluded that the petitioner should be reinstated. Considering all of the circumstances here, including the character of the professional offense involved, the length of time—12 years—the petitioner has been excluded from the practice of law, and the evidence of reformation, we judge that the Hearing Board's recommendation for reinstatement was proper, and we accordingly adopt it.

It is the order of this court that the petitioner is reinstated to the roll of attorneys admitted to practice law in this State.

*Petitioner reinstated.*