THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY BATTERSHELL, Defendant-Appellant.

Fifth District    No. 5—89—0701

Opinion filed March 25, 1991.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellant.

Jon C. Anderson, State's Attorney, of Robinson (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

This case originated with the defendant, a lawyer, being charged with the offense of tampering with public records in that he forged the signature of a circuit judge in Crawford County, Illinois, and caused the order to be file-stamped with the file mark of the circuit

clerk of that county. Larry Battershell pled guilty to that charge and was sentenced to the maximum amount of probation under the statute, 30 months. In addition to the general terms of probation, Battershell was also ordered to pay a $5,000 fine, to perform 240 hours of public service, and to refrain from engaging "in the practice of law in this state or any other jurisdiction during the term of his probation." The original order of probation was entered on December 30, 1987.

On July 17, 1989, Battershell admitted in response to a petition to revoke his probation that he had violated a condition of his probation by failing to cooperate in attending probation appointments. On September 15, 1989, the trial court modified its original probation order by adding one year of probation to the original 30 months and including a term of incarceration in the Crawford County jail for a period of 10 consecutive weekends. The order precluding Battershell from practicing law during the period of his probation was obviously extended by the 12-month extension of the probationary period.

Battershell appeals from the court's order of September 15, 1989, which modified the original probation order. Three issues are presented on appeal: (1) whether the court abused its discretion in ordering the defendant to serve weekend time in jail; (2) whether the court abused its discretion in extending the defendant's term of probation by adding 12 months onto the original sentence of probation; and (3) whether the court had the power to order the defendant to refrain from engaging in the practice of law as a condition of his probation.

The first two points will be addressed together since defendant's position is essentially the same on both issues. Defendant contends that probation was not revoked for any egregious violation, but only for failing to keep in touch with the probation department in Indiana. He also argues that this technical violation was understandable since there was some confusion with regard to where the defendant was to report and which department's public service work was to be completed first. Finally, he argues that the trial court was overly concerned with the fact that no part of his fine had been paid and only a small percentage of his public service work completed. Defendant correctly points out that under the terms of the order neither of these conditions had to be fully complied with until the end of the original probationary period.

■ With regard to the last condition, we think the language of *People v. Cottrell* (1986), 141 Ill. App. 3d 364, 490 N.E.2d 950, is appropriate:

"Although the defendant was not obligated to pay the entire amount within the first 16 months of his original probation, his lack of any effort during that time was certainly relevant to his character." (*Cottrell*, 141 Ill. App. 3d at 368, 490 N.E.2d at 952.)

While it appears that the defendant's financial ability to pay the fine and costs was limited during the period involved, there is no satisfactory explanation of his failure to make a more significant inroad into his public service obligation. We find that the court could properly consider this factor. *People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443.

■ In order to reduce the trial court's sentence, we must first find a manifest and arbitrary abuse of its discretion. (*People v. Shockley* (1977), 54 Ill. App. 3d 1041, 370 N.E.2d 551.) Defendant was originally convicted of a Class 4 felony for which he could have been imprisoned for not less than one year and not more than three years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).) When his probation was revoked, he could have been sentenced to any sentence that would have been appropriate for the original offense. (*People v. Horton* (1987), 160 Ill. App. 3d 513, 513 N.E.2d 502.) We find no abuse of discretion in the court's sentence of an additional 12 months of probation or on the sentence of the 10 weekends in jail.

■ We now turn to the question of the trial court's power to order the defendant to refrain from practicing law as a condition of his probation. Since the term of probation has expired at the time of appeal, we could decline to address this issue on grounds of mootness. However, it is a question of an unusual nature (*Wayland v. City of Chicago* (1938), 369 Ill. 43, 15 N.E.2d 516), and one of substantial public interest (*Partney v. Dallas* (1969), 111 Ill. App. 2d 261, 250 N.E.2d 166), and we will therefore address it.

Another preliminary matter raised by the State is its claim that this court has no jurisdiction to address this contention. The State contends that this issue is not properly before the court because it is really an attack upon the court's original order of probation rather than an issue arising out of the revocation proceeding only. (See *People v. Eisenberg* (1982), 109 Ill. App. 3d 98, 440 N.E.2d 259.) Without engaging in any discussion as to whether or not the first order was void and therefore subject to attack at any time (*People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351), or whether we are precluded from considering the issue because of the defendant's failure to file a notice of appeal from the original order (*People v. Green* (1989), 188 Ill. App. 3d 1027, 544 N.E.2d 1307), we conclude that the defend-

ant is, at a minimum, entitled to challenge the imposition of the sentence which precludes him from practicing law for the additional 12-month probationary period imposed upon him at the time of the revocation of the original probation.

■ Turning to the merits of the defendant's position on this point, it is, simply stated, that the supreme court has the exclusive authority to regulate the practice of law in Illinois and, therefore, the circuit court's order requiring the defendant to refrain from engaging in the practice of law during the period of his probation was improper. The defendant cites *In re Application of Day* (1899), 181 Ill. 73, 54 N.E. 646, *In re Nesselson* (1979), 76 Ill. 2d 135, 390 N.E.2d 857, *In re Mitan* (1987), 119 Ill. 2d 229, 518 N.E.2d 1000, *People ex rel. Brazen v. Finley* (1988), 119 Ill. 2d 485, 519 N.E.2d 898, and *In re Jafree* (1982), 93 Ill. 2d 450, 444 N.E.2d 143, in support of his position.

It is true that the above cases contain statements by the supreme court of Illinois which reflect its concern over legislative encroachment upon its ability to regulate the practice of law in Illinois and with piecemeal judicial encroachment upon the same activity. However, the supreme court's zealous protection of its right to regulate the practice of law is not absolute in its preclusion of the involvement of other agencies. In *Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157, 506 N.E.2d 1279, the court upheld a circuit court rule which limited contingent fees in minors' personal injury cases to 25% unless the attorney itemized his work and showed that 25% was not a fair compensation.

The lack of exclusivity of the supreme court's power in this area is also reflected in the statutes governing attorneys at law. Specifically, section 6 of "An Act to revise the law in relation to attorneys and counselors" (Act) provides:

> "[A]nd the justices of the supreme court, in open court, shall have power at their discretion to strike the name of any attorney or counselor at law from the roll for malconduct in his office; *and any judge of a Circuit Court shall, for like cause, have power to suspend any attorney or counselor at law from practice in the court over which he presides, during such time as he may deem proper, subject to the right of appeal as in other civil cases.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 13, par. 6.

This statute or its predecessor has been considered by the supreme court in at least two cases. In *Winkelman v. People* (1869), 50 Ill. 449, the court reversed an order of the trial court which sus-

pended an attorney from practicing in the judicial circuit which encompassed at that time St. Clair County and two other counties. The underlying charge against the lawyer involved an allegation that he had improperly altered a court order. With regard to a circuit court's power to strike an attorney from the rolls, the court held:

> "No power has been given them to strike an attorney from the rolls for any cause; in the supreme court alone is that power reposed. \* \* \*

> The legislature has conferred this power expressly upon this court. \* \* \* And there is a propriety in this, as the appointment of attorneys and counselors is made by that court, and the power of removal, appropriately rests with the power to appoint. In some States, they are appointed by the circuit courts, and, of course, removable by them, for proper cause. We know of no power inherent in the circuit courts, to suspend from practice an attorney duly licensed by this court; at least none, so to suspend him, as, virtually, to strike him from the roll.
> \* \* \*

> It may be, the court would be justified in suspending an attorney from practice, until the term of the supreme court next to be holden, in order that proceedings might be there instituted to strike his name from the roll, but further than that, we are not of opinion the court could go in that direction." (50 Ill. at 451-52.)

*Winkelman* suggests that even under the language of the statute set forth above, the power of the circuit court is extremely limited. This restrictive interpretation of section 6 was not as apparent in the later case of *Moutray v. People ex rel. Morris* (1896), 162 Ill. 194, 44 N.E. 496, which also involved attorneys committing frauds and forgery with regard to court documents. The circuit court barred the Moutrays from practicing in the Second Judicial Circuit, which was comprised of 14 counties. The supreme court reversed and held that the statute did not give that great a power:

> "The language of the statute is, any judge of a circuit court shall have power to suspend any attorney or counselor at law from practice *in the court over which he presides.*" (Emphasis in original.) (*Moutray*, 162 Ill. at 198-99, 44 N.E. at 498.)

Therefore in *Moutray* the court at least seems to recognize a trial judge's authority to suspend an attorney from practicing in the particular court in which he presides although such authority would not extend to the full circuit.

A final case which is not as clearly on point as the preceding two is *Wayland v. City of Chicago* (1938), 369 Ill. 43, 15 N.E.2d 516. *Wayland* nullified a rule of the circuit court of Cook County which allowed the executive committee of that county to suspend lawyers from the practice of law. The court referred to its earlier *Moutray* decision, which allowed a single judge to suspend an attorney from practicing in the particular county in which he was sitting, but the supreme court stated that the power granted to the single judge by section 6 of the Act was not to be extended to an executive committee by any local court rule.

From the foregoing it would appear that, while early cases recognize the power of a circuit judge to suspend an attorney's right to practice in that county, they also prohibit a circuit judge from entering any order which encompasses an area greater than the particular county. When these cases are viewed in light of more recent cases in which the supreme court has indicated that it has exclusive jurisdiction over the regulation of licensure and the right to practice of attorneys within the State, it becomes clear that the court's order requiring the defendant to refrain from engaging in the practice of law during the period of his probation in any jurisdiction in the country must be reversed. While the order seems appropriate under the circumstances since the defendant had pled guilty to tampering with public records, it is invalid at a minimum because it prohibits the defendant (in effect it suspends his license to practice) from engaging in the practice of law beyond the confines of Crawford County. It is also somewhat questionable as to whether the supreme court would allow any interference at the present time of its right to regulate the practice of law, but we need not reach that issue in this opinion.

We affirm the trial court's sentence of 12 months' additional probation and 10 weekends in jail. We reverse the order of September 15, 1989, insofar as it prohibits defendant from engaging in the practice of law anywhere in the country and remand the cause to the trial court on that issue only for actions consistent with this opinion.

Affirmed in part, reversed in part.

HOWERTON and HARRISON, JJ., concur.