NOTICE
Decision filed 12/26/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230307-U

NO. 5-23-0307

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 22-CF-64 |
| | ) | |
| LAVELL ELION, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Vaughan and Justice Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant cannot challenge the underlying guilty plea following a revocation of probation. Moreover, the court did not err in revoking probation, as the State presented evidence that defendant violated a criminal statute, and the sentence was not an abuse of discretion in light of defendant's history of violent offenses. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Lavell Elion, appeals the circuit court's orders revoking his probation and sentencing him to 10 years' imprisonment. His appointed counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the court erred in either respect. Accordingly, it has moved to withdraw as counsel on appeal and filed a memorandum explaining why it believes there are no nonfrivolous issues. OSAD has notified defendant of its motion, and this court has provided him an opportunity to respond, which

1

he has done. However, after considering the record on appeal, OSAD's motion and memorandum, and defendant's response, we agree that this appeal presents no arguably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's orders.

¶ 3                                    BACKGROUND

¶ 4     Defendant was charged with two counts of domestic violence alleging that he struck Terrie Dix in the face. Defendant pleaded guilty to count I, alleging aggravated domestic battery. In exchange for the plea, the State agreed to recommend a sentence of 30 months' probation and to dismiss count II.

¶ 5     Pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), the circuit court admonished defendant that by pleading guilty he would give up the rights to be proven guilty beyond a reasonable doubt, to a jury or bench trial, to confront the State's witnesses, to present evidence of his own, to remain silent, and to a speedy trial. He assured the court that he understood this. He confirmed that he had had sufficient time to consult with his attorney and was satisfied with his representation. He understood the collateral consequences of pleading guilty.

¶ 6     Defendant also acknowledged that he understood the charges and possible penalties, confirmed his agreement with the State, and confirmed that he was not threatened or promised anything beyond the stated terms of the agreement to induce the plea.

¶ 7     As a factual basis, the prosecutor represented that Dix would testify that defendant struck her in the face during an argument. The court found an adequate factual basis, found that the plea was voluntary, and imposed the agreed-upon sentence. The probation order included standard conditions that prohibited defendant from using alcohol or illegal drugs and from committing additional crimes.

¶ 8     On September 1, 2022, the State petitioned to revoke defendant's probation, alleging that he consumed alcohol or illegal drugs and committed domestic battery. On October 31, 2022, the State filed an amended petition to revoke, alleging that he committed domestic battery and resisting a peace officer.

¶ 9     At a hearing the next day, the prosecutor stated that the State had filed an amended petition of which defendant needed to be advised. The record shows that defendant was so advised although the court's specific words were not transcribed.

¶ 10    At a November 10, 2022, hearing on the petition, Dix testified that she and defendant were at his grandmother's house on August 31, 2022. She and defendant were having sex in the tent in the backyard where they stayed, but Dix stopped because she was feeling ill. Defendant became angry and started yelling. He left the tent and came back with lighter fluid, acting as if he would pour it on Dix's belongings. She heard people in the alley and tried to walk toward them. However, defendant pulled her back into the tent and slapped her with his open, left hand.

¶ 11    Officers Joshua Clarke and Kevin Jackson testified that, when they arrived at the scene, Dix had redness below her left eye. After speaking with defendant, they concluded that they had probable cause to arrest him. Accordingly, they demanded that he put his hands behind his back. Instead, he "locked them facing forward" according to Clarke and "tensed his arms up" according to Jackson. Each officer took one arm and forced defendant's hands behind his back to cuff him. He stopped multiple times while walking to the police car and refused to swing his legs into the car, requiring the officers to move them.

¶ 12    The court found that the State proved both offenses by a preponderance of the evidence. At sentencing, the parties agreed that defendant was eligible for an extended-term sentence of up

3

to 14 years' imprisonment. The court admonished him that he would have to serve 85% of any prison sentence.

¶ 13     In aggravation, the State asked that the court take judicial notice of the offenses the court found proved at the revocation hearing. In mitigation, Paige Fleeman, a licensed professional counselor, testified that she met with defendant twice, but he continually rescheduled appointments due to paranoia. Reports from Vandalia Correctional Center showed defendant suffered from major anxiety, major depression, and post-traumatic stress disorder from prior physical and sexual abuse. He was on medication for these disorders.

¶ 14     Fleeman also met with defendant in October 2022, after he was returned to custody. He had been placed in the suicide watch room at the jail. He appeared to be off his medication, was paranoid, and had issues with self-harm. She met with defendant several times, noting that he appeared calm after resuming his medication.

¶ 15     Letters from defendant's younger sister, Jerrica Barnett, and his mother, LaTonya Elion, described defendant's mental health and drug-related issues. Barrett praised him as a parent to his young son and opined that he had rehabilitative potential.

¶ 16     The presentence investigation report showed that defendant had prior felony convictions for criminal trespass to an occupied residence, arson, aggravated domestic battery, and criminal damage to property, as well as a misdemeanor domestic battery. He had been sentenced to probation for three of those convictions, but each time his probation was revoked.

¶ 17     The court, noting defendant's often violent criminal history, including the offenses that were the basis of the revocation, and prior unsuccessful attempts at probation, sentenced him to 10 years' imprisonment. The court found that defendant would be unlikely to comply with probation given his history of having probation revoked.

¶ 18    Defense counsel filed a motion to reconsider the sentence. Defendant filed a *pro se* motion to reconsider the sentence. The court denied the former and struck the latter as defendant was represented by counsel at the time. Defendant timely appealed.

¶ 19                                    ANALYSIS

¶ 20    As noted, OSAD concludes that no reasonably meritorious argument exists that the circuit court erred in revoking defendant's probation or sentencing him. We agree.

¶ 21    Preliminarily, OSAD notes that it can make no good-faith argument regarding the underlying probation proceedings because we would lack jurisdiction to consider it. "When no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void." (Internal quotation marks omitted.) *People v. Gregory*, 379 Ill. App. 3d 414, 418 (2008). A judgment is void only where it was entered by a court that lacked personal or subject-matter jurisdiction, or where it was based on a statute that is facially unconstitutional and void *ab initio*. *People v. Price*, 2016 IL 118613, ¶ 31.

¶ 22    Neither circumstance is present here. The court plainly had subject-matter jurisdiction. See *People v. Castleberry*, 2015 IL 116916, ¶ 15 (Illinois Constitution gives circuit courts jurisdiction of "all justiciable matters"). Moreover, by pleading to the indictment defendant submitted to the court's jurisdiction. See *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (defendant "confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea"). We are aware of no case holding the aggravated domestic battery statute void *ab initio*.

5

¶ 23    Moreover, defendant never moved to withdraw the plea, which is a prerequisite to challenging the plea proceedings on appeal.  See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *People v Robinson*, 2021 IL App (4th) 200515, ¶ 11 ("A defendant's failure to comply with the rule does not deprive us of jurisdiction, but it does preclude us from considering the appeal on the merits, requiring dismissal instead.  [*People v*.] *Flowers*, 208 Ill. 2d [291, 301 (2003)].").  Thus, even if we had jurisdiction, we could not consider the merits of any contentions related to the underlying guilty plea.

¶ 24    OSAD further concludes that defendant lacks reasonable grounds to challenge the circuit court's decision revoking his probation.  The State must prove a probation violation by a preponderance of the evidence.  730 ILCS 5/5-6-4(c) (West 2020).  The circuit court is responsible for weighing the credibility of witnesses and evaluating the testimony when the evidence is conflicting.  *People v. Crowell*, 53 Ill. 2d 447, 451-52 (1973).  We will not disturb a circuit court's ruling on a petition to revoke probation unless it is against the manifest weight of the evidence.  *People v. Love*, 404 Ill. App. 3d 784, 787 (2010).

¶ 25    Here, defendant's probation prohibited him from violating any criminal statute.  The petition to revoke alleged that he committed domestic battery and resisting a peace officer.  At a hearing, Dix testified that defendant struck her during an argument.  Officers Clarke and Jackson testified that defendant ignored their commands to place his hands behind his back while being arrested.  While Dix was impeached somewhat on cross-examination, the evidence was more than sufficient for the court to find by a preponderance of the evidence that defendant violated two criminal statutes.

¶ 26    Finally, OSAD contends that there is no reasonably meritorious argument that the court erred in sentencing defendant.  When a court revokes a defendant's probation, it may impose any

sentence that would have been appropriate for the original offense. *People v. Battershell*, 210 Ill. App. 3d 883, 885 (1991). The sentence should be based on the conduct constituting the original offense, not the conduct underlying the probation revocation. *People v. Hess*, 241 Ill. App. 3d 276, 284 (1993). Nevertheless, the court may consider the defendant's conduct while on probation in assessing his rehabilitative potential. *People v. Rathbone*, 345 Ill. App. 3d 305, 312 (2003).

¶ 27    A trial court has broad discretion when imposing a sentence, which will not be reversed absent an abuse of that discretion. *People v. Patterson*, 217 Ill. 2d 407, 448 (2005). Where a sentence falls within the prescribed statutory range, we will not find an abuse of discretion unless the sentence greatly varies from the purpose and spirit of the law or is manifestly disproportionate to the offense. *People v. Means*, 2017 IL App (1st) 142613, ¶ 14 (citing *People v. Alexander*, 239 Ill. 2d 205, 212 (2010)).

¶ 28    Here, defendant pleaded guilty to one count of aggravated domestic battery. He was eligible for an extended term based on a prior Class 2 felony conviction and was thus subject to a prison sentence of between 3 and 14 years. 720 ILCS 5/12-3.3(a)(1) (West 2020); 730 ILCS 5/5-5-3.2, 5-8-2 (West 2020).

¶ 29    The court noted defendant's history of convictions often involving violence and found a need to deter others from committing similar offenses. The court further found that he was unlikely to comply with probation given the several occasions on which his probation was revoked, including in this case. The court also found no evidence of a medical condition that would be endangered by imprisonment. The court agreed that defendant's relationship with his young son was a mitigating factor, citing Barnett's letter. In light of defendant's criminal history and lack of success on probation, the court's 10-year sentence, which was slightly above the midpoint of the 3- to 14-year range, was not an abuse of discretion.

7

¶ 30    Defendant's response is sometimes confusing but appears to raise three principal contentions. First, he takes issue with counsel's assertion that a judgment is void only where the court lacked jurisdiction or where it was based on a facially unconstitutional statute. Defendant contends that the United States Supreme Court recognizes a third class of void judgment: one based on a violation of due process. He cites *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), which construed the Federal Rules of Civil Procedure in the context of a bankruptcy proceeding and did not involve a guilty plea in a criminal case. Moreover, defendant omits a key limitation to the rule he cites. The court noted that under Fed. R. Civ. P. 60(b)(4), a judgment is void based on a violation of due process only where the violation "deprives a party of notice or the opportunity to be heard." *Id.* at 271.

¶ 31    The Illinois Supreme Court, interpreting the State constitution, has consistently held that a judgment is void only when it was entered by a court without jurisdiction or based on a facially unconstitutional statute. *Price*, 2016 IL 118613, ¶ 31. Given that that court's rules require a circuit court to address a defendant "personally in open court" before accepting a guilty plea (Ill. S. Ct. R. 402 (eff. July 1, 2012)), it is inconceivable that a judgment could be entered on a guilty plea without notice to the defendant.

¶ 32    In any event, defendant does not identify such a due-process violation here and the record does not suggest one. Defendant was present in court and represented by counsel. The court thoroughly admonished him pursuant to Rule 402, which satisfies due process. *People v. Dennis*, 354 Ill. App. 3d 491, 495 (2004). Defendant assured the court that he understood the admonishments and that his decision to plead was voluntary. He never moved to vacate the plea alleging a due-process violation or any other reason. Thus, defendant's argument, even if it were correct, would be unavailing.

¶ 33    Defendant's second principal contention, that he did not receive notice of the charge of resisting a peace officer or an opportunity to respond to it, is refuted by the record. The State filed on October 31, 2022, an amended petition to revoke probation alleging that defendant committed domestic violence and resisting a peace officer. At a hearing the following day, the prosecutor informed the court of the amended petition and noted that defendant would have to be advised of it. The record reflects that defendant was so advised. At no time did defendant inform the circuit court that he was confused about the petition's allegations or was unable to effectively prepare a defense. See *People v. Carey*, 2018 IL 121371, ¶ 22 (in criminal prosecution, where defendant challenges indictment for first time on appeal, court should consider only whether the alleged defect in the indictment prejudiced the defendant in preparing his defense). Defendant cannot plausibly make such a claim here.

¶ 34    Defendant's third argument is extremely confusing. He claims "coercion by prosecution and my trial counsel" to induce his guilty plea. He also claims that the prosecution breached an agreement regarding his sentence. The "unwritten agreement," which was "cosigned by [defense] counsel," was for "years less" than he ultimately received. After discussing the alleged agreement, he again alleges that he was "coerced through intimidation, lies, stress, and even threats."

¶ 35    As explained above, a defendant appealing from a probation revocation may not challenge the underlying guilty plea unless the judgment was void (*Gregory*, 379 Ill. App. 3d at 418), and defendant has not alleged any legitimate basis for finding the judgment void. Thus, we disregard any allegations related to the guilty-plea proceedings.

¶ 36    Defendant's allegations about an unfulfilled sentencing agreement, coming amid allegations concerning the guilty plea, would appear to relate to that proceeding as well. But the record contains no evidence of an unenforced agreement in connection with the guilty plea.

9

Rather, to induce defendant's guilty plea, the State agreed to recommend probation, which he received. He knew, or should have known, that as a condition of probation he was prohibited from committing new offenses. Once the court revoked his probation after finding that he did commit new offenses, the original sentencing agreement was obviously revoked as well. After that, the court could sentence him to any sentence appropriate for the original offense. *Battershell*, 210 Ill. App. 3d at 885.

¶ 37 The record contains no evidence of a new sentencing agreement in connection with the probation revocation. Prior to the sentencing hearing, the parties agreed that defendant was eligible for a sentence between 3 and 14 years. Defendant thereafter participated in the hearing. Later, both defense counsel and defendant *pro se* filed motions to reconsider the sentence. At no time did defendant assert that the State had breached an agreement regarding the sentence to be imposed following revocation. "In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone" are insufficient. *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993) (citing *People v. Davis*, 145 Ill. 2d 240, 244 (1991)). There is simply no objective basis for defendant's assumption that he had a sentencing agreement with the State.

¶ 38                                  CONCLUSION

¶ 39 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 40 Motion granted; judgment affirmed.