(No. 40426.—)

THE PEOPLE *ex rel.* Donald H. Herring, Appellant, *vs.* JOSEPH I. WOODS, Sheriff, *et al.,* Appellees.

*Opinion filed May 18, 1967.*

Ward, J., took no part.

Stanley A. Bass and Melvin B. Goldberg, both of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and David B. Selig, Assistant State's Attorneys, of counsel,) for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

This is a direct appeal from a judgment of the circuit court of Cook County which dismissed a petition for a writ of *habeas corpus*. The motion to dismiss filed by the respondents, who are the sheriff of Cook County and the warden of the Cook County jail, admitted the following facts alleged in the petition: The petitioner, Donald H. Herring, was arrested on March 18, 1966, and committed to the Cook County jail for failure to post bond. On May 10, 1966, he was convicted of illegal possession of narcotics and placed on probation for three years; as a condition of probation, it was ordered that he serve the first of the three years in the Cook County jail. The warden of the jail scheduled his release for February 16, 1967, one year after the date of his conviction, less "merit good time." The petitioner contends that he is also entitled to credit, against the one-year period of confinement, for the 53 days he spent in custody prior to his conviction, and was therefore entitled

to be released on December 25, 1966. He was admitted to bail on January 7, 1967, pending the outcome of this appeal. A question arising under the constitution of the United States gives us jurisdiction upon direct appeal.

The dispute between the parties centers upon section 119—3 of the Code of Criminal Procedure, which provides: "A person sentenced to imprisonment in a State penal or reformatory institution who is thereafter confined in any jail or other State penal or reformatory institution because of such sentence shall be credited on such sentence with the time during which he was so confined unless he violates any good behavior regulations of such jail or institution or any statute while so confined. Such good time confinement may also be counted on good conduct diminution of sentence credit under such regulations as may be provided by the Department of Public Safety. The period of time during which any person was confined to answer to a charge which results in a sentence imposed on or after July 1, 1965 requiring such person to be imprisoned in a penitentiary or reformatory or any other penal institution of the State or of any of its political subdivisions prior to pronouncement of such sentence shall be credited on such sentence unless he violates any good behavior regulations of such jail or institution while so confined, and may be counted on good conduct diminution of sentence credit under such regulations as may be provided by the Department of Public Safety." Ill. Rev. Stat. 1965, chap. 38, par. 119—3.

The petitioner relies upon the last sentence of the section, which relates to the "period of time during which any person was confined to answer to a charge", and contends that the trial court's determination that this provision did not apply to him violated his rights under the equal-protection clause of the fourteenth amendment to the constitution of the United States.

The respondents concentrate exclusively upon the first sentence of section 119—3, and argue that it limits the ap-

plicability of the entire section to persons "sentenced to imprisonment" and confined "because of such sentence". Imprisonment imposed as a condition of probation, they contend, was not contemplated because probation is defined as "the conditional and revocable release before sentence * * * of a person who has been found guilty of an offense." Ill. Rev. Stat. 1965, chap. 38, par. 102—18.

There are many difficulties with this position. It is inconsistent with the fact that the respondents allowed good time credit to the petitioner, apparently acting under the first sentence of the section. The statutory definition of probation does not fit this case, for the defendant was not released, but was imprisoned, and the General Assembly provided that the words it used would have the defined meanings "except when a particular context clearly requires a different meaning." (Ill. Rev. Stat. 1965, chap. 38, pars. 2—.5, 102—1.) Moreover, the respondents' approach to the statute overlooks the fact that the last sentence of the section, which was added by amendment in 1965, does not use the terminology on which the respondents rely, but instead refers to "a sentence * * * requiring such person to be imprisoned in * * * any other penal institution of the State or of any of its political subdivisions * * *."

There are additional internal difficulties that would be encountered if the respondents' approach was applied to other sections of the statute, but they need not be pursued. The respondents' construction is unconvincing upon the face of the statute, and it exposes the statute to the equal-protection argument advanced by the petitioner, which the respondents do not meet.

That argument is that on the record before us in this case, the defendant was incarcerated prior to trial solely because of his inability to provide bail. If he had been financially able to furnish bail he would not have been imprisoned during that period. It is true that in most instances in which a term of imprisonment was imposed as a condi-

tion of probation prior to the amendment of section 119—3, the judge took into account any period of incarceration prior to trial in fixing the term of imprisonment. In this case, however, the term of one year which was imposed was the maximum permissible under the provision that authorizes imprisonment as a condition of probation. (Ill. Rev. Stat. 1965, chap. 38, par. 117—2.) In such a situation it can not be said that the period of incarceration prior to trial has been recognized.

If the respondents' argument is accepted, the petitioner would be imprisoned for one year and 53 days, less "merit good time," while a person in identical circumstances, but who was able to furnish bail, would be incarcerated for only one year, less "merit good time." The amendment to section 119—3 was intended to eliminate this kind of discrimination, and we hold that it is applicable to imprisonment imposed as a condition of probation.

On the facts alleged the petition was not vulnerable to a motion to dismiss, and the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.