THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN WELLS, Defendant-Appellant.

Third District    No. 80-161

Opinion filed November 26, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

In this appeal by the defendant Marvin Wells, only one issue is raised. The issue is whether the trial court improperly required, as a condition of probation, that the defendant "[s]hall work and support himself and his dependents or any dependents he may come to have. If out of work, he will have to spend not less than six hours a day [sic] looking for work and report to the Probation Officer each place that he went to look for work along with the date and time as well as the person he talked to."

The defendant was originally placed on four years' probation on December 14, 1977, following his plea of guilty to a charge of burglary. Thereafter, a petition to revoke the defendant's probation was filed in which it was alleged that the defendant violated his probation by failing to report to his probation officer. After a probation revocation hearing and a resentencing hearing, the defendant was placed on probation anew. This new probationary period was also of four years' duration, with credit for the 12 months the defendant had unquestionably complied with the conditions of the original petition, but with the added condition of which the defendant now complains.

■■ In challenging this condition, the defendant sets forth three contentions. First, the defendant contends that this was not a condition specifically provided for in the statute (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)) and, therefore, the condition is impermissible. This court has recently considered this contention and has rejected it. *People v. Whittington* (1980), 87 Ill. App. 3d 504, 409 N.E.2d 150.

■■ Secondly, the defendant argues that the condition is improper because it has no relationship to the nature of the offense. The underlying offense, as we earlier noted, is burglary, and we cannot say how this condition relates to the circumstances of this particular offense because the record on appeal does not contain a transcript of the hearing at which the defendant pleaded guilty. Yet, since the condition may also relate to the rehabilitation of the defendant (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)), this condition is clearly proper.

The trial court could impose a condition requiring the defendant to work, pursue a course of study, or to enter into vocational training. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)(3).) If the trial court can order the defendant to work, it can also order the defendant to look for a job whenever he is out of work.

Finally, the defendant argues that the condition is vague and ambiguous. We find that it is clear and not vague or ambiguous. The defendant is concerned that he may unwittingly violate the condition, but the defendant's argument is pure speculation. He asks what would happen if he were ill, if he were self-employed, or if he accepted a low-paying job.

■■ To render an opinion now on these questions would be purely advisory. No such difficulties have arisen, and since a defendant's probation will be revoked only for a willful failure to comply with a condition (see *People v. Nowman* (1980), 87 Ill. App. 3d 42, 409 N.E.2d 95), no such difficulties are anticipated.

Accordingly, the order of the Circuit Court of Kankakee County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.