STATE of Minnesota, Respondent,

v.

Charlene R. MAKELA, Appellant.

No. 51725.

Supreme Court of Minnesota.

Aug. 21, 1981.

---

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, Michael H. McGlennen,

Asst. County Atty., Thomas A. Weist and Anne E. Peek, Law Clerks, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of a charge of theft over $2,500, Minn.Stat. § 609.52, subds. 2(1) and 3(1) (1980), and was sentenced by the trial court to a 10-year prison term with execution stayed and defendant placed on probation for 5 years conditioned upon defendant's spending the first year in the workhouse and making restitution. On this appeal from judgment of conviction defendant contends that she should receive a new trial because (1) the trial court erred in admitting an extrajudicial statement made to security personnel of the store from which she took the property, (2) the prosecutor improperly impeached defendant's testimony with evidence of her post-arrest, post-*Miranda* silence, and (3) the trial court erred in admitting so-called *Spreigl* evidence.

Alternatively, defendant contends that, at a minimum, the time she spent in jail before trial and awaiting sentence (18 days) should be credited against the 1-year she serves in jail as a condition of probation.

Defendant, working as a customer service employee in a discount department store, took over $6,000 in cash from her employer. Defendant obtained possession of the money while making a "cash run" for the purpose of replenishing the customer service desk's check cashing fund. However, defendant left the store without taking the money to the desk. When her supervisors discovered the theft, they went to defendant's apartment where, with police present but before any arrest was made, they questioned her. Defendant claimed she did not remember where the money was. The money was never found.

1. Defendant's first contention on appeal is that the trial court erred in admitting her statement to the security personnel because (a) it was improperly induced by the promise from police that if she cooperated with the security personnel, that would end the matter and (b) a *Miranda* warning was not given.

■ (a) If defendant had confessed, then we would be faced with the issue concerning the voluntariness of her statement because the police arguably implied that if she told the security men where the money was, that would end the matter. However, defendant did not confess but claimed no knowledge concerning the money. There was no evidence that the police did anything to induce that statement or that the statement could in any way be deemed involuntary.

■ (b) We need not decide whether private security personnel questioning a suspect in the presence of police must follow the requirements of *Miranda* because the questioning in this case by the security men was noncustodial questioning to which *Miranda* requirements do not apply. *State v. Palm*, 299 N.W.2d 740 (Minn.1980); *State v. Bekkerus*, 297 N.W.2d 136 (Minn.1980).

■ 2. Defendant's next contention is that the prosecutor, in his cross-examination of her, improperly used her failure to tell to police or the prosecutor the version of events she would recount at trial. Generally, a prosecutor may not impeach a defendant with his post-arrest, post-*Miranda* silence—*Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)—but here defense counsel "opened the door" to the subject during his direct examination of defendant, eliciting evidence about her failure to tell police the trial version of what happened. Under the circumstances, the prosecutor was free to question defendant on cross-examination for the purpose of clarifying her direct testimony on the subject. *State v. McCullum*, 289 N.W.2d 89 (Minn.1979); *State v. Hjerstrom*, 287 N.W.2d 625 (Minn.1979).

■ 3. The *Spreigl* evidence which defendant contends should not have been admitted was evidence that 5 months before the charged offense defendant and her

roommate had been caught shoplifting at a suburban department store, an act defendant admitted. We hold that the trial court properly admitted the evidence. The evidence was particularly relevant because (a) it established that defendant had hidden the shoplifting goods inside her coat, which is what the state theorized defendant did when she left with the $6,000, and (b) it established that defendant had claimed a lack of memory about a significant fact, just as she did when confronted by the store security personnel about the missing $6,000. Although the evidence obviously had a potential for unfair prejudice, this potential was significantly outweighed by the probative value of the evidence. *State v. Bolts*, 288 N.W.2d 718 (Minn.1980).

■ 4. Defendant's final contention is that her probationary term of 1 year in the workhouse should be decreased by the presentence jail time she served (18 days). Under Minn.R.Crim.P. 27.03, subd. 4(b), defendant is entitled to have this time credited against her prison sentence if and when that sentence is executed, but the rule does not require that this time be credited against the probationary term spent in the workhouse under Minn.Stat. § 609.135, subd. 4 (1980).

Affirmed.