THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH COTTRELL, Defendant-Appellant.

Fourth District   No. 4—85—0262

Opinion filed February 27, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant, Keith Cottrell, pleaded guilty to one count of theft and two counts of burglary. On May 13, 1983, he was sentenced to three years' probation. The trial court also ordered him to pay restitution in the amount of $1,995.47 and to pay court costs of $121.67. Af-

ter being charged with a second burglary and criminal damage to property, the defendant's probation was revoked. On September 21, 1984, a second trial judge sentenced the defendant to two years' probation, conditioned on his maintaining regular and productive employment, supporting his dependents and paying $100 to the second burglary victim and $146.87 in court costs within 60 days. No mention was made of the original order to pay restitution and court costs. After more than 60 days elapsed, the State filed another petition to revoke probation alleging that the defendant had wilfully failed to make restitution and pay court costs. After a hearing, the original judge revoked the defendant's probation. The court resentenced him to four years' probation. Conditions of this probation included: (1) maintaining regular and productive employment; (2) supporting his dependents; (3) paying all prior restitution and court costs; (4) serving six months' imprisonment with no credit for time already served; and (5) serving 18 months' periodic imprisonment if he remained unemployed for any two consecutive months. On appeal, the defendant contends: (1) the trial court erred in finding that he had wilfully failed to meet financial obligations of his probation; (2) the trial court erred in considering his failure to pay the original restitution and court costs as an aggravating factor when sentencing him; (3) the trial court erred in ordering him to serve six months' imprisonment without credit for time already served and 18 months' periodic imprisonment; and (4) the cause must be assigned to another judge for any further proceedings.

The defendant maintains the State failed to prove that he wilfully refused to pay restitution and court costs within 60 days. At the hearing on the petition to revoke, the defendant's probation officer testified that although he had reminded the defendant, the defendant had made no payment toward restitution or court costs. The defendant had told the probation officer that he did not have a job and could not pay. The defendant had reported that he had applied for work at two establishments in Danville and three in Champaign. The defendant testified he lived with his parents but did not receive any money from them. He acknowledged his agreement with the State that he would pay restitution and court costs within 60 days. He testified he had looked for work in the summer of 1984 when he moved to Champaign. He admitted he had told his probation officer that he probably could have paid the money, but he just forgot. The trial court found the defendant was in good health and certainly employable within the community. The court found there had been a wilful refusal to maintain employment and pay court-ordered costs.

■ Section 5—6—4(d) of the Unified Code of Corrections provides that probation will not be revoked because of a defendant's failure to comply with financial obligations imposed by the sentence "unless such failure is due to his wilful refusal to pay." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(d).) Citing *People v. Harris* (1976), 41 Ill. App. 3d 690, 354 N.E.2d 648, the defendant contends his failure to secure employment did not establish a wilful failure to meet his financial obligations. In *Harris*, this court held a trial court could not find a defendant guilty of contempt simply because he failed to seek employment to procure the funds necessary to pay a fine, court costs, and restitution. *Harris* dealt with a contempt proceeding, while the present case involves the revocation of probation. Probation is an act of grace or a grant of mercy to afford a defendant an opportunity for rehabilitation without incarceration. (*People v. Decker* (1973), 15 Ill. App. 3d 230, 304 N.E.2d 99.) Section 5—6—3 of the Unified Code of Corrections states the court may require a defendant to work as a condition of probation. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.) A trial court may properly order an unemployed defendant to seek work. (*People v. Wells* (1980), 90 Ill. App. 3d 320, 413 N.E.2d 218.)

"[A] probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense." *Bearden v. Georgia* (1983), 461 U.S. 660, 668, 76 L. Ed. 2d 221, 230, 103 S. Ct. 2064, 2070.

■ A reviewing court will disturb a finding that the conditions of probation have been violated only when it is contrary to the manifest weight of the evidence. (*People v. Willet* (1976), 44 Ill. App. 3d 545, 358 N.E.2d 657.) The defendant claims he looked for work repeatedly, but he admitted he had not done so recently. He also failed to apply at the local job service agency. Finally, he admitted he probably could have paid the money but just forgot.

At the sentencing hearing after the defendant's second sentence of probation had been revoked, the trial court noted the defendant had not made any payment toward the original restitution and court costs. The defendant asserts the trial court erred in considering this as an aggravating factor in resentencing him. He notes he had until the end of the original probationary period of three years in which to make restitution because no schedule of payments was ordered. (*People v. House* (1981), 98 Ill. App. 3d 304, 424 N.E.2d 412.) He argues

the order revoking his original probation eliminated any obligation to pay the original restitution and court costs. The defendant concludes the trial court erred in considering his failure to make payments which he was never obligated to make.

■ In *People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443, this court held the manner in which a defendant conducts himself while on probation is an appropriate consideration in any sentencing hearing. The defendant's conduct is evidence of his history and character and tends to reflect on his rehabilitative potential. Restitution offers an individual something within reason that he can to do presently to demonstrate that he is changing. It is simply every man's obligation to meet responsibilities of this sort in civil life. (*Coles v. State* (1981), 290 Md. 296, 306, 429 A.2d 1029, 1034.) Although the defendant was not obligated to pay the entire amount within the first 16 months of his original probation, his lack of any effort during that time was certainly relevant to his character.

The defendant argues the trial court erred in ordering him to serve six months' imprisonment with no credit for time already served in custody. (See *People v. Jones* (1978), 60 Ill. App. 3d 46, 376 N.E.2d 454.) We disposed of this issue by our order directing the defendant's release on August 16, 1985. The defendant further contends the trial court erred in sentencing him to six months' imprisonment and 18 months' periodic imprisonment if he remained unemployed for any two consecutive months. The State concedes this sentence was not proper under section 5—7—1(c) of the Unified Code of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—7—1(c).) We, therefore, vacate that portion of the defendant's sentence imposing periodic imprisonment of 18 months if he remains unemployed for any two consecutive months. The matter of defendant's failure to seek or maintain employment can best be handled by a petition to revoke probation.

■ Finally, the defendant asserts the trial judge has predetermined the sentence which will be imposed should probation again be revoked. At the sentencing hearing, the judge stated:

> "If you violate the terms and conditions of this employment and terms and conditions of probation, I can assure you, without hesitation, I'm going to do what I probably should do today, and send you to the penitentiary."

The defendant requests this court to order the cause be assigned to a different judge for any further proceedings. As the State correctly notes, this issue is not ripe for review until the State files a subsequent petition to revoke, which, considering the fact that two peti-

tions have already been filed and granted, we hope will not be necessary. Furthermore, we construe the court's remarks to be "an attempt *** as a last-ditch effort to obtain compliance with the rules of probation" rather than a predetermination of the defendant's sentence. *In re B.R.J.* (1985), 133 Ill. App. 3d 542, 545, 478 N.E.2d 1206, 1209.

For these reasons, the order revoking the defendant's probation is affirmed. The defendant's sentence is also affirmed; except that portion imposing 18 months' periodic imprisonment should the defendant be unemployed for any two consecutive months, which is vacated, and the cause is remanded to have the *mittimus* corrected.

Affirmed in part and vacated in part and remanded with directions.

MORTHLAND and SPITZ, JJ., concur.