**STATE of Minnesota, Respondent,**

v.

**Douglas BARG, Appellant.**

No. C5–86–671.

Court of Appeals of Minnesota.

June 10, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This sentencing appeal involves the applicability of "good time" under Minn.Stat. § 244.04 against a probationary jail sentence. The trial court refused to credit appellant's executed prior sentence for time spent as a condition of the original probationary sentence. We affirm.

## FACTS

Appellant Douglas Barg pleaded guilty to criminal sexual conduct in the third degree in 1983 and received an 18 month stayed sentence, with one year in the Northeast Regional Correctional Center (NERCC) and three years probation. Appellant served 12 months at NERCC. On March 22, 1986 he pleaded guilty to assault in the fifth degree. At a subsequent probation revocation hearing where a probation violation was determined because of the subsequent assault conviction, appellant requested his original sentence be executed pursuant to *State v. Randolph*, 316 N.W.2d 508 (Minn.1982). The trial court denied this request and directed appellant serve an additional six months in NERCC.

A week later appellant again requested execution of sentence and the trial court granted the request, ordering execution of the 18 month sentence. Appellant was remanded to the custody of the Commissioner of Corrections for the remaining six months. Appellant was given credit for the time spent at NERCC and the time spent in custody following his arrest on the assault. Appellant was not given "good time" credit for the time spent at NERCC.

## ISSUE

Is defendant entitled to "good time" credit under Minn.Stat. § 244.04 for time spent serving a probationary jail sentence?

## ANALYSIS

Appellant argues he is entitled to earn "good time" under Minn.Stat. § 244.-04 (1984) of one day for every two days spent at NERCC and is entitled to be released after serving 12 months of the 18 month sentence. Appellant claims he is entitled to immediate release because he served the 12 months. Minn.Stat. § 244.04 provides:

Subdivision 1. Reduction of sentence. Notwithstanding the provisions of section 609.11, subdivision 6, and section 609.346, subdivision 1, the term of imprisonment of any inmate sentenced to a presumptive fixed sentence after May 1, 1980, shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary

offense rules promulgated by the commissioner. The reduction shall accrue to the period of supervised release to be served by the inmate.

\* \* \* \* \* \*

Under the statute, however, appellant has not earned any good time because he was not in the control of the Commissioner of Corrections. The statute does not authorize the Commissioner to give good time credit for persons serving time in a local institution.

■ Any possible credit for "good time" for probationary sentences would be under Minn.Stat. § 643.29 (1984), which provides:

Subdivision 1. "Good conduct" allowance. Any person sentenced for a term to any county jail, workhouse, or correctional work farm shall diminish the term of the sentence five days for each month, commencing on the day of arrival, during which the person has not violated any rule or discipline of the place wherein the person is incarcerated and, if required to labor, has labored with diligence and fidelity.

Under this statute, an order to serve time in the local jail as a condition of probation is not a sentence for a term. Good conduct for such persons is allowed only if otherwise specified by the trial court.

■ Appellant primarily relies on the Minnesota Sentencing Guidelines Comment III.C.03 which provides:

In order to ensure that offenders are not penalized for inability to post bond, credit for time in custody shall be computed by the Commissioner of Corrections after projected good time is subtracted from the sentence.

Commission policy is that sentencing should be neutral with respect to the economic status of felons. When credit for time spent in custody is immediately deducted from the sentence, the incongruous result is that individuals who cannot post bond are confined longer than those who post bond. In order to correct this incongruity, computation of projected good time shall be made by the Commission of Corrections at time of admis-

sion to prison and shall be subtracted from the sentence prior to crediting an offender for time spent in custody.

We do not interpret this comment as supporting appellant's argument in view of the statutory language itself. The result appellant wishes should be addressed to the legislature.

### DECISION

The trial court correctly determined appellant was not entitled for good time under Minn.Stat. § 244.04 for time spent at NERCC serving a probationary jail sentence.

Affirmed.