STATE of Minnesota, Respondent,

v.

Douglas BARG, Petitioner, Appellant.

No. C5–86–671.

Supreme Court of Minnesota.

Aug. 8, 1986.

C. Paul Jones, Minnesota State Public Defender, Mark F. Anderson, Asst. State Public Defender, University of Minnesota, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Alan Mitchell, St. Louis Co. Atty., and Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

In *State v. Barg,* 389 N.W.2d 727 (Minn. App.1986), the Court of Appeals gave Douglas Barg credit against his 18–month prison term for 12 months actually spent in jail as a condition of probation before probation was revoked, but denied him "good time credit" for the 12 months. In considering Barg's petition for review, it became clear to us that Barg was entitled to "good time credit" for the 12 months and that with the credit Barg was entitled to immediate release from prison. Accordingly, we granted the petition for review and, in the same order, reversed the Court of Appeals on this point, stating that this opinion would follow.

The facts are these. In 1983 Barg pleaded guilty to criminal sexual conduct in the third degree and was sentenced by the trial court to 18 months in prison, with execution of the sentence stayed on condition that he serve 3 years on probation, the first year at the North East Regional Correctional Center (NERCC). Barg was released from jail a year later, in 1984. In March of 1986, while still on probation, Barg pleaded guilty to assault in the fifth degree, a misdemeanor. At a probation revocation hearing in connection with the 1983 offense, the trial court ordered Barg to serve another 6 months in NERCC. The trial court at first denied Barg's request that his original 18–month sentence be executed, but then changed its mind and granted the request.

In initially computing Barg's release date, prison officials gave Barg credit for the 12 months actually spent in jail as a condition of probation and also gave him 6 months good time credit (*i.e.,* 1 day for every 2 days served) for the 12 months spent in jail. This meant that Barg was entitled to immediate release. "Programming" for Barg's supervised release was immediately instituted and Barg was scheduled for release on April 17. However, the trial court learned of this and wrote to the warden saying that he did not intend that Barg should receive any good time credit for the 12 months in jail. In his view, Barg should receive, at the most, good time credit for the 6 months remaining on his prison sentence, thereby entitling him to release after 4 months in prison. Upon receipt of the letter, prison officials recomputed Barg's release date in accordance with the trial court's letter. Barg then instituted this appeal process.

The Court of Appeals reasoned as follows: (a) under Minn.Stat. § 244.04 (1984),[1]

---

1. Section 244.04, subd. 1, provides:

Notwithstanding the provisions of section 609.11, subdivision 6, and section 609.346,

a person can earn good time credit only if he is under the control of the Commissioner of Corrections during the time he is in custody, and Barg was not under the control of the Commissioner of Corrections during the 12 months he was in jail as a condition of probation; (b) Barg relies on Comment III.C.03 of the Minnesota Sentencing Guidelines [2] but, in view of the language of section 244.04, the Court of Appeals will not interpret the Comment as supporting Barg's argument; and (c) those desiring a change should address their arguments to the legislature.

For the following reasons, we conclude that Barg is entitled to a good time credit against the 18-month term for the 12 months he served in jail as a condition of probation:

■ (a) Section 244.04 does not address the issue of good time credit against an executed term for time spent in jail as a condition of probation before probation was revoked.

(b) Before 1983, Comment III.C.03 provided that inmates should not receive jail credit for time spent in custody as a condition of probation when probation is later revoked and the sentence executed, but the Comment did go beyond section 244.04 in that it provided good time credit against an executed prison sentence for any "time in custody between arrest and sentencing." If it had not so provided, then those who could not post bond but had to spend time in jail between arrest and sentencing in effect would serve more time than those who could post bond. Those who could post bond would receive good time credit, on a 1 day for 2 day basis, for all time spent in prison. Thus, one sentenced to 18 months would be released after 12 months in custody. On the other hand, a person who had to spend 3 months in jail between arrest and sentencing would have to serve a total of 13 months (18 months minus the 3 months served in jail would leave him with 15 months in prison, and the 15 months in prison reduced by the good time credit would leave him with a total of 10 months in prison; the 10 months added to the 3 months spent in jail would total 13 months in custody). In order to avoid this inequity, the comment provided that projected good time credit should be subtracted from the sentence before credit for time in custody between arrest and sentencing was subtracted. Thus, in the example, the commissioner would figure good time credit on the 18 months at the outset, leaving the defendant with 12 months, and from the 12 months the 3 months already spent in jail between arrest and sentencing would be subtracted. This meant that the defendant would serve the same total of 12 months in custody that a similarly situated defendant who had been able to post bond would serve.

(c) In 1983 the Sentencing Guidelines Commission amended Comment III.C.02 so that in addition to receiving credit against an executed sentence for time spent in custody between arrest and sentencing, the defendant would also receive credit for

---

subdivision 1, the term of imprisonment of any inmate sentenced to a presumptive fixed sentence after May 1, 1980, shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner. The reduction shall accrue to the period of supervised release to be served by the inmate.

Minn.Stat. § 244.04, subd. 1 (1984).

2. This comment provides:
    In order to assure that offenders are not penalized for inability to post bond, credit for time in custody shall be computed by the Commissioner of Corrections after projected good time is subtracted from the sentence.

Commission policy is that sentencing should be neutral with respect to the economic status of felons. When credit for time spent in custody is immediately deducted from the sentence, the incongruous result is that individuals who cannot post bond are confined longer than those who post bond. In order to correct this incongruity, computation of projected good time shall be made by the Commissioner of Corrections at time of admission to prison and shall be subtracted from the sentence prior to crediting an offender for time spent in custody.

Minnesota Sentencing Guidelines Comment III.-C.03.

time spent in custody as a condition of a stay of imposition or execution which was revoked. The addition to the Comment stated in relevant part:

> The Commission also believes that jail credit should be awarded for time spent in custody as a condition of a stay of imposition or stay of execution when the stay is revoked and the offender is committed to the Commissioner of Corrections. The primary purpose of imprisonment is punishment, and the punishment imposed should be proportional to the severity of the conviction offense and the criminal history of the offender. If, for example, the presumptive duration in a case is 18 months, and the sentence was initially executed by means of a departure the term of imprisonment would be 12 months if all good time were earned. If the execution of the sentence had initially been stayed and the offender had served four months in jail as a condition of the stay, and later the stay was revoked and the sentence executed, the offender would be confined for 16 months rather than 12. By awarding jail credit for time spent in custody as a condition of a stay of imposition or execution, proportionality is maintained.

At the same time that it amended Comment III.C.02 for time spent in custody as a condition of probation, the Commission also amended Comment III.C.03 by striking the words "between arrest and sentencing" in two different places as follows:

> In order to insure that offenders are not penalized for inability to post bond, credit for time in custody between arrest and sentencing shall be computed by the Commissioner of Corrections after projected good time is subtracted from the sentence.

> Commission policy is that sentencing should be neutral with respect to the economic status of felons. When credit for time spent in custody is immediately deducted from the sentence, the incongruous result is that individuals who cannot post bond are confined longer than those who post bond. In order to correct this incongruity, computation of project-

ed good time shall be made by the Commissioner of Corrections at time of admission to prison and shall be subtracted from the sentence prior to crediting an offender for time spent in custody between arrest and sentencing.

The Commission also struck that part of Comment III.C.03 stating that inmates should not receive credit for time spent in custody as a condition of probation.

We agree with Barg that the Sentencing Guidelines Commission had the authority to expand upon section 244.04 and that the obvious intent of the 1983 changes in Comments III.C.02 and III.C.03, when read together, was to not only allow the defendant credit against the sentence for time actually spent in custody as a condition of probation but also to allow him good time credit for that time in the same way that good time credit had been allowed for time spent in custody between arrest and sentencing. The change in Comment III.C.02 was designed to insure proportionality between those who are sentenced immediately to prison and those who first serve time in jail as a condition of probation and later are sent to prison after probation is revoked. Unless good time credit is given for the time spent in custody as a condition of probation, then true proportionality is not achieved. Comment III.C.03 could have been amended more effectively to make this intent clearer, but it is doubtful that the Commission would have struck the words "between arrest and sentencing" if that had not been its intent.

In conclusion, we hold that Barg was entitled not just to credit for time actually spent in jail as a condition of probation before probation was revoked but also to good time credit for time actually spent in jail as a condition of probation.

Affirmed in part and reversed in part.

KELLEY, Justice (concurring specially).

"Good time" must be earned. Minn.Stat. § 244.04, subd. 1 (1984). The practice of automatically giving an offender credit for "good time" by the commissioner when a

stay of execution has been revoked, in my view, is erroneous. If, in fact, the offender did not earn the good time and the sentencing judge so found after a hearing, the offender should not automatically be awarded credit by the commissioner of corrections on commitment to a state institution. In this case, the trial judge made no finding that good time was not earned. Therefore, in this case only, I concur in the court's opinion.