**STATE of Minnesota, Respondent,**

v.

**Ronald E. HOTT, Appellant.**

No. C3–87–1425.

Supreme Court of Minnesota.

July 15, 1988.

C. Paul Jones, Susan J. Andrews, St. Paul, for appellant.

Hubert H. Humphrey, III, St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon F. Bergstrom, Chief, Appellate Section, Linda K. Jenny, Minneapolis, for respondent.

AMDAHL, Chief Justice.

In an unpublished decision the court of appeals affirmed the conviction of Ronald E. Hott of third-degree assault, affirmed the trial court's refusal to subtract presentence jail time from the one year of probationary jail time imposed as a condition of

probation, and remanded to the trial court with instructions to reduce the length of probation from 4 years to 3 years. We granted defendant Hott's petition for review for the limited purpose of modifying the court of appeals' decision so that on remand the trial court, in addition to reducing the length of probation from 4 years to 3, will amend the sentence to give defendant the jail credit he sought.

In *State v. Makela,* 309 N.W.2d 295, 298 (Minn.1981), the defendant argued that her probationary term of 1 year in the workhouse should be decreased by the 18 days she spent in jail before she was sentenced. We held, "Under Minn.R.Crim.P. 27.03, subd. 4(b),[1] defendant is entitled to have this time credited against her prison sentence if and when that sentence is executed, but the rule does not require that this time be credited against the probationary time spent in the workhouse * * *." The court of appeals in *State v. Koski,* 408 N.W.2d 702, 704 (Minn.App.1987), without citing *Makela,* said that although Rule 27.03, subd. 4(B), arguably is inapplicable to a jail term imposed as a condition of probation, refusing to grant jail credit to those sentenced to probationary jail time would lead to "inconsistent and inequitable results." The court of appeals in the instant case relied on *Makela* and distinguished *Koski* on its facts.

To the extent that *Makela* is inconsistent with this opinion, we overrule it. The old approach was to deny credit even against a prison term for time spent in jail between arrest and sentencing. *See, e.g., State v. Kotlarek,* 279 Minn. 140, 144, 155 N.W.2d 891, 893–94 (1968). That was changed by Rule 27.03, subd. 4(B). Either by rule or decision, we have also changed our approach to the awarding of credit in a number of other situations. *See, e.g., State v. Barg,* 391 N.W.2d 773, 775–76 (Minn.1986) (making it clear (a) that inmates should receive credit and good time credit against an executed prison sentence for any time in custody between arrest and sentencing, because otherwise those who could not post bond in effect would serve more time than those who could post bond, and (b) that inmates should also receive credit and good time credit against executed prison sentence for probationary jail time).

Our decision in *Makela* cannot logically coexist with our decision in *Barg.* Stated differently, the logic underlying the decision in *Barg* is the same logic that compels us to conclude that defendant is entitled to credit against his probationary jail term for time spent in jail between arrest and sentencing. As the Illinois Supreme Court has held, in interpreting a statute similar in wording to our Rule 27.03, subd. 4(B), a rule that does not award such credit discriminates against those who cannot furnish bail:

> If the [State's] argument is accepted, the [defendant, who, because of an inability to post bail, was in jail 53 days before he was convicted], would be [in custody a total of] one year and 53 days, less "merit good time," while a person in identical circumstances, but who was able to furnish bail, would be incarcerated for only one year, less "merit good time."

*People v. Woods,* 37 Ill.2d 435, 439, 226 N.E.2d 594, 596 (1967) (Schaefer, J.). *See also People v. Jones,* 60 Ill.App.3d 46, 48, 17 Ill.Dec. 455, 457, 376 N.E.2d 454, 456 (1978) (holding that under a statute worded even more like our rule, the credit is allowed against the probationary jail term). Further, any other decision in effect would allow the total amount of time that a defendant who could not post bail is incarcerated turn on the irrelevancy of whether the defendant pleads guilty or insists on his right to trial. *Cf., State v. Dulski,* 363 N.W.2d 307, 309–10 (Minn.1985) (holding that in a case dealing with jail credit against concurrent Sentencing Guidelines prison sentences where the State of Minne-

---

1. Minn.R.Crim.P. 27.03, subd. 4(B) states that when sentence is imposed the court:

   Shall assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed. Such time shall be automatically deducted from the sentence and the term of imprisonment including time spent in custody as a condition of probation from a prior stay of imposition or execution of sentence.

sota is a party to both charges the sentencing court should (a) insure that the withholding of credit does not result in a *de facto* departure resulting in consecutive service and (b) insure that the total length of sentence the defendant serves not turn on things that are subject to manipulation by the prosecutor or irrelevancies such as whether the defendant pleads guilty or insists on his right to a trial), relied on most recently in *State v. Arden,* 424 N.W.2d 293, 294 (Minn.1988).

In summary, we hold that on remand the trial court must fully credit defendant's probationary jail term with time spent in jail between arrest and sentencing.

Affirmed as modified.