STATE of Minnesota, ex rel. Frank Charles HOLECEK, Petitioner, Appellant,

v.

Dick ROSS, Crow Wing County Sheriff, Respondent.

No. C9–91–851.

Court of Appeals of Minnesota.

June 18, 1991.

Brian N. Toder, Brian N. Toder, Ltd., Douglas W. Thomson, Thomson & Ellis, Ltd., St. Paul, for appellant.

John Remington Graham, Crow Wing County Atty., Brainerd, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and NORTON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

This appeal is from an order denying a petition for a writ of habeas corpus. We reverse and grant the petition.

## FACTS

Appellant Frank Holecek pleaded guilty to charges of second degree assault and the gross misdemeanor offense of participating in a riot. On the felony assault charge, Holecek was sentenced to a stay of imposition and required to serve ten months in the county jail as a condition of probation. For the gross misdemeanor, Holecek was sentenced to serve ten months

concurrent with the probationary jail time on the felony offense.

Holecek served nearly eight months in the county jail, then sought early release for "good conduct" under Minn.Stat. § 643.29, subd. 1. He submitted a letter from a jail administrator to show his good conduct. When he did not obtain an early release from the sentencing judge, Holecek petitioned for a writ of habeas corpus. The trial court denied the petition, concluding that Minn.Stat. § 643.29, subd. 1 does not apply to local jail time that is served as a condition of probation.

## DECISION

 The findings of a trial court considering a petition for writ of habeas corpus are entitled to great weight. *State ex rel. Kons v. Tahash,* 281 Minn. 467, 474–75, 161 N.W.2d 826, 832 (1968). The construction of a statute, however, is a question of law for an appellate court to review *de novo. State v. Moore,* 431 N.W.2d 565, 567 (Minn.App.1988).

Minn.Stat. § 643.29, subd. 1 (1990) provides:

> **"Good conduct" allowance.** Any person *sentenced for a term* to any county jail, workhouse, or correctional work farm shall diminish the term of the sentence five days for each month, commencing on the day of arrival, during which the person has not violated any rule or discipline of the place wherein the person is incarcerated and, if required to labor, has labored with diligence and fidelity.

(Emphasis added.) The attorney general in 1955 issued an opinion concluding that this statute did not apply to probationary jail terms. Op.Atty.Gen. 341–F (Dec. 15, 1955). The trial court relied on the attorney general opinion, and concluded it had not been affected by a 1982 amendment to the statute. The trial court concluded Holecek had qualified for the "good conduct" allowance if the statute could be construed to apply to him.

 A defendant has been "sentenced" even though the court orders a stay of imposition or execution. *See State*

*v. Sheppheard,* 407 N.W.2d 477, 478 (Minn. App.1987) (stay of execution). A probationary jail term is one of the court's sentencing options. *Id.; see also* Minn.Stat. § 609.135, subd. 1 (1990). If the court chooses to execute the prison sentence, that term of imprisonment may constitute the *entire* sentence. Minn.Stat. § 609.-125(1) (1990). A probationary jail term is nonetheless part of the sentence, where imposed.

 The attorney general in the 1955 opinion reasoned that because there is a distinction between a "sentence" and a "condition of probation," Minn.Stat. § 643.29 does not apply to probationary jail terms. We conclude the statutory language does not support so narrow a distinction.

The statute requires only that the person seeking "good conduct" credit has been "sentenced for a term" to a local jail or workhouse. Minn.Stat. § 643.29, subd. 1 (1990). Although Holecek's ten-month jail term did not constitute his *entire* sentence, he was "sentenced" to serve that time in a local institution.

 An attorney general opinion, while not binding on the courts, is entitled to careful consideration, particularly where it is a longstanding one. *Billigmeier v. Hennepin County,* 428 N.W.2d 79, 81 (Minn.1988). However, courts cannot read into the plain language of a statute exceptions and limitations which do not appear. *Knopp v. Gutterman,* 258 Minn. 33, 40, 102 N.W.2d 689, 695 (1960); *see also In re Occupational License of Hutchinson,* 440 N.W.2d 171, 176 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 9, 1989).

The plain intent of the legislature was to extend to inmates of local jails the same "good conduct" credit then extended to inmates in state institutions. *See* Minn.Stat. § 640.53 (1945). If the legislature had intended to provide this incentive for good behavior to only some of those inmates, it would have clearly expressed that intent. We note that in this case, Holecek is clearly entitled to receive the "good conduct" allowance on the gross misdemeanor sen-

tence, which the sentencing court made concurrent and apparently intended to be of equal duration. To deny the credit on the felony sentence would in effect nullify it on the gross misdemeanor.

This court in *State v. Barg*, 389 N.W.2d 727, 729 (Minn.App.1986), *aff'd in part, rev'd in part on other grounds* 391 N.W.2d 773 (Minn.1986) did indicate that Minn.Stat. § 643.29 would not apply to a probationary jail term. However, that statute was not directly in issue in *Barg*, and this court's opinion indicates the sentencing court could award credit under the statute. *Id.*, 389 N.W.2d at 729. In any event, the supreme court in *Barg* held that "good time" credit must be extended for probationary jail time when (and if) the prison term is later executed. "Good time" credit should not be given to those who fail on probation, but denied those who succeed. Such a disparity is more troublesome than the possibility of a double "good time" credit cited by the state.

We conclude that Holecek is entitled to the "good conduct" credit and that his petition for habeas corpus should be granted.

Reversed.