STATE of Minnesota, ex rel. Christopher GRIEP, petitioner, Appellant,

v.

Eric SKON, Warden, Minnesota Correctional Facility–Stillwater, et al., Respondents.

No. C5–97–1055.

Court of Appeals of Minnesota.

Aug. 26, 1997.

Heidi H. Crissey, Stillwater, for appellant.

Hubert H. Humphrey, III, Attorney General, Mark B. Levinger, Assistant Attorney General, St. Paul, for respondents.

Considered and decided by TOUSSAINT, C.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

TOUSSAINT, Chief Judge.

This appeal is from an order denying appellant Christopher Griep's petition for a writ of habeas corpus. Pursuant to Minn. Stat. § 589.30 (1996), this court expedited the appeal. Griep argues that the prison disciplinary proceeding against him was untimely. We disagree and affirm.

## FACTS

August 1, 1995, Griep was sentenced to 20 months in prison for a fifth-degree controlled substance offense conviction. His supervised release date (SRD) was calculated as August 23, 1996, and his expiration date as March 15, 1997. Griep was placed on work release status in April 1996, and while on work release was permitted, beginning on August 9, 1996, to be on electronic home monitoring.

On August 15, 1996, the Department of Corrections (DOC) discovered that Griep had failed a urinalysis test. The DOC issued a fugitive warrant and ordered Griep to return to a halfway house.

Griep remained in fugitive status until December 11, 1996, when he was arrested in Anoka County on new criminal charges. At that point, the DOC warrant became a detainer. Griep's fugitive status stopped the running of his sentence, including his SRD.[1] Therefore, when he was arrested on December 11, he still had eight more days to go before his SRD, as he had had in August.

The state did not charge Griep with a disciplinary violation at that point, but rather waited while Anoka County proceeded with its charges against Griep. Those charges were resolved on March 13, 1997, after Griep pleaded guilty and was sentenced. The following day, March 14, 1997, the DOC served Griep with a notice of disciplinary violation and placed him in pre-hearing detention status. He was notified that a disciplinary hearing would be held three days later.

Griep argued to the disciplinary hearing officer, and later to the district court in his habeas corpus petition, that the hearing officer lacked jurisdiction because the DOC had not served Griep with a notice of disciplinary violation until after his December 19, 1996, SRD. Griep claimed he was then on constructively supervised release status. The district court rejected that argument.

## ISSUE

Was the disciplinary proceeding against Griep barred after his supervised release date had passed without a notice of disciplinary violation being served?

## ANALYSIS

■ The findings of a trial court considering a petition for writ of habeas corpus are entitled to great weight. *State ex rel. Holecek v. Ross*, 472 N.W.2d 185, 186 (Minn.App.

1991). If the petition presents an issue of statutory construction, however, this court's review is *de novo*. *Id.*

Griep argues that because the DOC did not serve him with a notice of disciplinary violation between December 11, 1996, when he was arrested in Anoka County, and December 19, 1996, his supervised release date (SRD), it could no longer bring a disciplinary proceeding against him. The district court disagreed, noting that Griep's own conduct made him unavailable for DOC disciplinary proceedings and concluding that Griep's "rights were not violated under the narrow fact pattern involved in this case."

■ The legislature has provided that, no matter what an inmate's SRD, if he violates a disciplinary rule he cannot be placed on supervised release until he has served the disciplinary confinement period. Minn.Stat. § 244.05, subd. 1b(b) (1996). Thus, if Griep had been in prison on December 11, 1996, the DOC could have brought disciplinary proceedings against him and required him to serve a period of disciplinary confinement (segregation), even though his SRD was only eight days away. Griep, however, was already out of prison, on release status (work release), when he committed the disciplinary violation.

As the district court found, there is no rule or statute that governs the timing of disciplinary proceedings in this situation.[2] Griep argues that because the supervised release statute refers to the disciplinary confinement period "imposed" for a violation, the disciplinary notice must have been served before the supervised release date (SRD). *See* Minn.Stat. § 244.05, subd. 1b(a) (1996) (inmate shall serve supervised release term upon completion of prison term and "any disciplinary confinement period imposed"). We disagree.

■ The rules and statutes relating to inmate disciplinary proceedings should be

---

1. The rules provide for this "tolling" of the sentence upon the issuance of the warrant. Minn. R. 2940.4400, subpt. 3 (1995).

2. Griep does not challenge the DOC's authority to bring disciplinary proceedings for his conduct outside the institution. The DOC's rules provide that violations of work release are handled through "the institutional disciplinary process." Minn. R. 2940.2900, subpt. 2 (1995).

construed consistently with due process and recognition of the inmate's liberty interest in statutory good time. *See generally Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (interest of prisoners in disciplinary procedures is liberty interest protected by Due Process Clause). But where the inmate, by his own conduct, makes himself unavailable for disciplinary proceedings, we cannot read the statute so narrowly as to impose an artificial time limitation.

The commissioner of corrections has broad authority to promulgate disciplinary offense rules. *See* Minn.Stat. § 244.05, subd. 1b(b) (disciplinary rules may cover "other matters determined by the commissioner"). Griep does not challenge the commissioner's authority to define his violation as a disciplinary offense, even though committed outside the institution while on work release and electronic home monitoring. *See generally* Minn.Stat. § 241.26, subd. 3 (1996) (the commissioner shall establish rules for supervision of inmates on work release). According to the rules that have been promulgated, when a warrant is issued for a person who is alleged to have, while on work release, violated a condition of his release, the DOC cannot begin the process of revoking work release until all new criminal charges are resolved. Minn. R. 2940.3000 (1995). An offender is "available," for purposes of disciplinary proceedings, only when he has completed the jail or prison time imposed for the new charges. Minn. R. 2940.0100, subpt. 2 (1995).

Thus, although the DOC knew where Griep was from December 11 to December 19, 1996, and had a detainer on him, he was not "available" for purposes of revocation of work release until March 13, 1997, when he completed his jail time in Anoka County. There is no basis in the statutes or the rules for Griep's claim that the notice of disciplinary violation had to be served during that eight-day period in December 1996. Neither has Griep shown any due process entitlement to an early notice, when the DOC warrant, which became a detainer, provided adequate notice and when his own conduct in incurring new criminal charges caused the delay in the disciplinary proceeding.

## DECISION

Under the facts of this case the DOC was not required to serve a notice of disciplinary violation on appellant before his supervised release date.

**Affirmed.**