BUSINESS SERVICE BUREAU, INC., Plaintiff-Appellee, v. RODNEY MARTIN, Defendant-Appellant.

Fourth District    No. 4—98—0894

Argued June 22, 1999.—Opinion filed August 5, 1999.

George Bell (argued) and Hugh F. Drake, law student, both of University of Illinois College of Law Clinic, of Champaign, for appellant.

Sherman J. Brown, of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

In March 1997, the trial court entered a judgment for plaintiff, Business Service Bureau, Inc. (Bureau), against defendant, Rodney Martin, for unpaid medical expenses plus costs and interest. Supplementary proceedings to discover assets followed, and in September 1998, the trial court ordered defendant, who (according to his affidavit) is unemployed and has no assets, to search for employment. After a hearing in November 1998, the trial court denied a motion to vacate the job search order and entered a Rule 304(a) finding of no just reason to delay enforcement or an appeal. 155 Ill. 2d R. 304(a).

Martin appeals, arguing that the trial court erred in its application of section 2—1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1402 (West 1996)) because (1) the order forces him to spend his wife's exempt income to search for a job, violating section 2—1402(j) of the Code (735 ILCS 5/2—1402(j) (West 1996)); (2) section 2—1402 deals with discovery of assets, not creation of assets; (3) the job search order is inappropriate because section 2—1402(c) provides for orders intended to compel collection of discovered assets, not asset creation; and (4) the job search order is unconstitutional under the thirteenth amendment (U.S. Const., amend. XIII), as well as a violation of due process (U.S. Const, amend. XIV; Ill. Const. 1970, art. I, § 2) and the right to privacy (U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6). We vacate the job search order and remand.

In March 1997, a civil judgment was entered against defendant for $4,483.73 plus costs and interest. In March 1998, the circuit clerk issued a citation to discover assets. Also in March 1998, the trial court denied Martin's motion to quash the citation and continued the hearing until April 1998.

The docket entry for the April 1998 hearing provides in pertinent part:

"The Defendant is sworn; evidence is heard. The Defendant is ordered to provide a doctor's letter to counsel indicating the length and/or whether permanent or temporary. Representation he has pending disability claim. Case continued for further review to 6-9-98 ***."

According to the docket entry for the June 1998 proceeding, defendant informed the court that he was denied disability status and was appealing his claim. Defendant also represented that he was seeking employment through temporary employment services. Again, the citation hearing was continued until September 1998.

The docket entry for the September 1998 hearing states the following:

"Sherman Brown appears on behalf of the Plaintiff. Defendant appears with Mr. Drake and Mr. Bell. Consent to representation by senior law student on file. Over the objection of counsel, Defendant ordered to file job affidavits biweekly with counsel's office. Cause continued for further review to 10-15-98, at 10:30 a.m., in Courtroom L."

In October 1998, counsel for defendant filed a motion to vacate the job search order, supported by a memorandum of law and defendant's affidavit. By affidavit defendant stated the following: (1) at the September hearing, he testified to the truth of the enumerated facts, including that he is unemployed and his appeal on his disability

status is pending; (2) at the conclusion of the September hearing, the court ordered him to return in October "with a list of at least [10] places for every week where [he] had sought employment since the status hearing"; (3) his wife receives approximately $478 per month in social security benefits and $400 per month from employment; (4) his wife suffers from epilepsy and mild mental retardation, and is prone to seizures, especially when under stress; (5) she has recently been the victim of a crime and is enduring the prosecution of the perpetrator; (6) for these reasons he has been unable to seek and secure employment as he must remain home to assist his wife; and (7) he has no assets or nonexempt income and no desire to secure employment.

After a hearing in November 1998, the circuit court denied Martin's motion to vacate, stating in part:

"The fact that a job search order is not specifically mentioned in the statute [section 2—1402] is of no import whatsoever. Judges are free and have been[,] and that's consistent with our authority[,] to fashion any orders that they believe are helpful and beneficial. By no means [has] the legislature in their nine volumes plus two for the updates don't think they've covered everything. I'm sure it'll be up to ten volumes by another two years from now when they start passing some other laws and they don't think [sic] they have it all covered, so the fact that it is not specifically mentioned doesn't mean the judge can't talk about it or can't order it if it's appropriate [and] consistent with the legislative purpose of the statute[,] which is a citation of judgment[,] to see what can be done about paying it, which is the Court's responsibility to follow up on these things and see what individuals have done."

Accordingly, the trial court denied defendant's motion to vacate and this appeal followed.

At the outset, we note that the record before us consists of the transcript of the November 1998 hearing on the motion to vacate the trial court's September 1998 job search order and the common law record of pleadings and docket entries. Defendant failed to file bystanders reports or agreed statements of facts of earlier proceedings, including the April 1998 hearing at which the trial judge heard the defendant testify, the June 1998 hearing, and the September 1998 hearing at which the job search order that is the subject of this appeal was pronounced. See 166 Ill. 2d Rs. 323(c), (d). Although defendant's affidavit suggests he testified at the September hearing, the docket entry makes no reference to evidence being taken. Further, we note that the trial judge's wording in pronouncing the job search order is not part of the record before us. We recognize this is a small claims case.

■ We first consider defendant's argument that the job search or-

der is not statutorily authorized. Section 2—1402 of the Code, governing supplementary proceedings, provides in pertinent part as follows:

"(a) A judgment creditor, or his or her successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2—1402(a) (West 1996).

■ Defendant argues that section 2—1402 of the Code is inapplicable to the facts of this case. He asserts the job search order is void because the purpose of section 2—1402(a) is to "discover assets or income *** and *** compel[ ] the application of *** assets or discovered income" and not to compel defendant to *obtain* assets or income.

Where the statutory language is clear and unambiguous, it will be given effect without resorting to other construction aids. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 532, 634 N.E.2d 1093, 1096 (1994). Under the clear and unambiguous language of section 2—1402(a), no provision for creating or ordering the creation of assets exists. Here, according to the affidavit filed in support of his motion to vacate the order in question, defendant has no known or discovered assets. Moreover, the Bureau does not argue that defendant is concealing assets.

Defendant also argues that the statutory language in section 2—1402(c) of the Code does not provide for a job search order. Defendant argues that the job search order does not fall within the realm of orders authorized by the statute under the maxim *inclusio unius est exclusio alterius, i.e.,* the enumeration of one thing in a statute implies the exclusion of all others. See *Baker v. Miller*, 159 Ill. 2d 249, 260, 636 N.E.2d 551, 556 (1994).

Section 2—1402(c) gives trial judges broad authority to enter an "appropriate order" "*[w]hen* assets or income *** are *discovered.*" (Emphasis added.) 735 ILCS 5/2—1402(c) (West 1996). Even liberally construing section 2—1402(c), we find the statute clearly limits the trial court's authority to situations "[w]hen assets or income *** are discovered." 735 ILCS 5/2—1402(c) (West 1996). Moreover, the order must be directed to accomplish any of the six objectives enumerated in sections 2—1402(c)(1) through (c)(6) of the Code. 735 ILCS 5/2—1402(c)(1) through (c)(6) (West 1996). Creation of assets is not among the six objectives set forth in section 2—1402(c) of the Code. Those objectives deal primarily with compelling the judgment debtor to

deliver discovered assets or compelling parties indebted to the judgment debtor to deliver assets. It makes no mention of creating or earning assets.

The Bureau argues the job search order is consistent with the purpose and intent of the statute and a contrary reading of the statute would frustrate the supplementary proceedings scheme set forth in section 2—1402 of the Code. The Bureau correctly states that the statute should be construed liberally (see 735 ILCS 5/1—106 (West 1996)), but cites no authority to support the position that a job search order is appropriate under these facts. We disagree with the Bureau's argument that a job search order is essential to the statute's purpose. We hold that the Code does not authorize the job search order.

In *In re Marriage of Page*, 162 Ill. App. 3d 515, 515 N.E.2d 1061 (1987), a former husband was ordered to pay child support of $100 per week. When he failed to do so a petition for rule to show cause was filed, but the court ruled that the ex-husband had not willfully failed to make the payments. The court then ordered the ex-husband to apply for employment and, when he failed to do so, found him in indirect criminal contempt and sentenced him to 90 days in jail. The appellate court reversed, holding the job search order was void because it was not authorized by section 505 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 505 (now 750 ILCS 5/505 (West 1996))). Section 505.1 was subsequently added to provide that "the court may order the person to seek employment." 750 ILCS 5/505.1 (West 1996). We apply a similar analysis here. Section 2—1402 of the Code, which enacts a procedure unknown to common law, does not by its terms provide for job search orders or otherwise imply that such orders are appropriate. The trial court's order must accordingly be vacated. See also *People v. Cottrell*, 141 Ill. App. 3d 364, 367, 490 N.E.2d 950, 951 (1986) (section 5—6—3 of the Unified Code of Corrections (730 ILCS 5/5—6—3 (West 1996)) states court may require defendant to work as a condition of probation).

Accordingly, we vacate the job search order and remand for further proceedings. In view of our resolution of this issue, we need not address defendant's remaining arguments.

For the foregoing reasons, we vacate the trial court's job search order, and remand for further proceedings.

Vacated; cause remanded.

McCULLOUGH and MYERSCOUGH, JJ., concur.